## Case No. 14,945.

### UNITED STATES v. DEMING.

[4 McLean, 3.] [1]

Circuit Court, D. Michigan. June Term, 1845.

PERJURY—FALSE BANKRUPT SCHEDULES—INDICT-
MENT—MISNOMER OF COURT—OATH—
AUTHORITY TO ADMINISTER.

1. Where such words of description are used in an indictment, as to have an application only to the proper person, it is sufficient, although the words of the statute be not used.

2. On a charge of perjury by a petitioner in bankruptcy, the indictment need not set out, particularly or substantially, the petition.

3. A general reference to it, which shall show its character and object, is sufficient.

4. To sustain an indictment for perjury, the oath must be administered by some one authorized.

[Cited in U. S. v. Howard, 37 Fed. 667.]

5. An authority to a county clerk, to swear petitioners resident in his county, does not give him power to administer an oath to one who resides in another county.

[This was an indictment against Benajah H. Deming for perjury.]

The District Attorney, for the United States. Abbott & Lathrop, for defendant.

OPINION OF THE COURT. This is an indictment for perjury, in swearing falsely in a proceeding in bankruptcy, the jury having found a verdict of guilty. A motion is now made to arrest the judgment on the following grounds:

1. Because there is a misnomer in the indictment, as to the court before whom the proceeding was had. The 7th section of the bankrupt act provides that all petitions in bankruptcy shall be had "in the district court," etc., and the allegation in the indictment is of a petition made "to a judge sitting as a bankrupt court." And it is contended, that this, being descriptive of the personal of the judge, must be substantially, if not strictly, set out in the indictment. That the description given might refer to the circuit court, etc. As no judge can sit in bankruptcy except the district judge, we think the indictment in this respect is sufficient. The circuit court has jurisdiction to hear appeals in bankruptcy, from the bankrupt court, but the circuit judge, in hearing these appeals, can not be said to sit in bankruptcy. Such a sitting can only apply to the district judge.

2. The indictment is alleged to be defective in not setting out the petition with sufficient particularity and certainty. It is argued, if the prosecutor undertakes to set out proceedings material to the offense, even unnecessarily, he must do it with the same certainty as if

1 [Reported by Hon. John McLean, Circuit Justice.]

they were required. That formerly, all the proceedings in the course of which the perjury is charged to have been committed, were required to be set forth, and though now excused by statutes both in England and this country; yet, if the prosecutor does not avail himself of the statute, he is held to the ancient strictness. 2 Chit. Cr. Law, 307; 2 Russ. Crimes, 536. It is unnecessary to set out the petition, substantially or otherwise; a mere reference to its character and object is sufficient. And we do not think that the indictment contains any allegations or statements which bring it within the rule laid down by the counsel. We recognize the principles relied on, but we do not think they apply to the indictment as framed.

3. The third ground is, that the alleged false oath was not administered by any person legally authorized. The bankrupt act requires that petitions shall be sworn to; but does not declare before whom the oath shall be taken. The district court, under the act, adopted a rule which authorizes the clerk of the district court to administer oaths generally to petitioners; and another, as follows: "Ordered, that the petitioners residing out of the county of Wayne, may verify their petitions before the county clerk of the county in which they reside; and the clerks of the different counties of this district are hereby appointed commissioners to administer oaths or affirmations to petitioners applying for the benefit of the bankrupt law." The indictment shows that the defendant was a resident of the county of Jackson, but it alleges that he took the oath before the clerk of Washtenaw county. And the question is made, whether he had the power to administer the oath. As clerk merely, we suppose he had not the power. But had he not authority, under the rule of the court? The first part of the rule limits the authority of the clerk to administer the oath, to residents in his county. The words are, that the petitioners may take the oath "before the county clerk of the county in which they reside." But the prosecutor insists, that the latter part of the order enlarges the power of the clerk, as it appoints him a "commissioner to administer oaths or affirmations to petitioners applying for the benefit of the bankrupt law."

In giving a construction to this order, the whole of it must be taken together. The clerks were not appointed commissioners generally, under the act of congress, but merely for the special purpose of administering oaths to petitioners, and to persons, as it would seem, who reside in their respective counties. We think that this is a fair construction of the rule, and, consequently, that the clerk of Washtenaw county had no power to administer an oath to the defendant, who was a citizen of Jackson county.

The judgment is arrested.