## Case No. 16,692.

### UNITED STATES v. WILCOX.

[4 Blatchf. 391.] [1]

Circuit Court, N. D. New York. Oct., 1859.

INDICTMENT FOR PERJURY—REQUISITE AVERMENTS —OFFICER ADMINISTERING OATH.

1. An indictment in this court, for perjury, alleged to have been committed on an examination before A. C., "a commissioner of the United States duly appointed," but not stating how, or by whom, or under what statute, or for what purpose, such commissioner was appointed, is bad, on demurrer.
[Cited in U. S. v. Quinn. Case No. 16,110; U. S. v. Cover, 46 Fed. 285.]

2. The indictment should set out the name and official title of the officer before whom the oath was administered.
[Cited in U. S. v. Howard, 37 Fed. 667.]

3. An indictment for perjury, alleged to have been committed on an examination of a person charged with a crime against a law of the United States, should show what the particular crime was.

4. The act of April 30, 1790 (1 Stat. 116, 117, §§ 19, 20), in reference to the forms of indictment for perjury and subornation of perjury, does not dispense with the necessity of such averments.

This was a demurrer to an indictment [against Morris Wilcox] for perjury.

HALL, District Judge. The indictment alleges the perjury to have been committed on "an examination of certain persons charged with crimes or offences against the laws of the United States," before Aurelian Conkling, Esq., "a commissioner of the United States, duly appointed according to law, and having competent authority and power to arrest offenders for any crime or offence against the United States, and to examine the same, and to imprison or hold the same to bail, and, in the proceedings and matters before him, in relation to offences and offenders, as aforesaid, to administer oaths and examine witnesses, and in the matters and proceedings relating to and concerning the offences and crimes charged against" the persons, &c., named in the indictment; but the indictment does not state how, or by whom, or under what statute, or for what purpose, such commissioner was appointed.

The case of U. S. v. Stowell [Case No. 16,-

---

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

409], is in point to show, that this is not a sufficient common law averment of the legal authority and jurisdiction of Commissioner Conkling to administer the oath under which it is alleged the defendant committed the offence charged; and, unless such an averment is rendered unnecessary by the act of congress of April 30, 1790 (1 Stat. 116, 117, §§ 19, 20), in reference to the forms of indictment for perjury and subornation of perjury, the indictment is clearly bad for that reason.

I have examined, with some care, the question whether the statute referred to authorizes this form of pleading, and my conclusion is that it does not. The allegation is, that Mr. Conkling was a commissioner of the United States; not of the circuit court of the United States, or appointed by the circuit court of the United States. Commissioners of the United States, in the ordinary sense of that term, have not the powers alleged to have been possessed by this commissioner. Although the language of the statute referred to is very broad, I do not think it dispenses with the necessity of setting out the true and proper designation of the court, or the name and official title, designation or character of the officer before whom the oath was administered. This, it strikes me, is of the substance of the offence, and not mere matter of form. The setting forth of the commission, or the particular powers and authority of the officer, and the source whence they are derived, is not necessary, if he is alleged to hold an office which apparently confers upon him the authority to administer the oath in the particular case specified. This being done, the general allegation, that he had competent authority to administer the oath, is declared to be sufficient. People v. Phelps, 5 Wend. 9, 19; Reg. v. Overton, 4 Adol. & E. (N. S.) 83. But, there is no distinct and precise allegation that this commissioner had competent authority to administer the particular oath stated, and, therefore, the requirement of the statute has not been complied with; and, certainly the indictment would be bad at common law.

It was also objected, upon the argument of the demurrer, that the indictment does not show that the proceeding before the commissioner was one in which an oath was required, so as to bring the case within the 13th section of the act of March 3, 1825 (4 Stat. 118), on which the indictment is founded. In this respect, also, the indictment is bad. It is not enough to allege that the persons named were charged with a crime or offence against a law of the United States, for that is a conclusion of law, but the particular charge should be stated. The act of congress, before referred to, does not dispense with this statement. Reg. v. Overton, 4 Adol. & E. (N. S.) 83.

It was also objected, that it does not appear, from the indictment, what charge was under investigation before the commissioner, and that, therefore, the court cannot see that the testimony alleged to have been falsely given

was material. In this respect, also, the indictment is defective.

The indictment was evidently drawn during the disorder and hurry of the circuit, and is in other respects uncertain and defective. The demurrer must be allowed, and judgment be rendered thereon for the defendant.