## UNITED STATES *v.* HOWARD.[1]

*(District Court, S. D. Alabama. February 13, 1889.)*

1. PERJURY—AFFIDAVIT FOR COMMUTATION OF HOMESTEAD ENTRY.
    Defendant entered a homestead claim, and on application to commute his entry to a cash entry he made affidavit, July 30, 1887, that he had actually moved on the said land in December, 1886; that his actual residence had been on the land up to taking said oath; that his residence thereon had been continuous; and that he had not resided or boarded elsewhere than on said land since commencing his residence thereon. Defendant's oath was made before a judge of probate. *Held,* that the statements sworn to were not such as are required or authorized by law to be made by an applicant for a preemption, homestead, or a homestead commutation entry, under Rev. St. U. S. §§ 2262, 2289-2291. They were irrelevant and immaterial, and perjury could not be predicated on them.
2. SAME—COMPETENCY OF TRIBUNAL—PROBATE JUDGE.
    Under Rev. St. U. S. § 5392, denouncing the crime of perjury, and declaring that the oath must be taken before some "competent tribunal, officer, or person," as the judge of probate had no authority to administer such oath, an indictment for perjury will not lie.

Demurrer to Indictment for Perjury.

Defendant entered a quarter section of land in Escambia county, Ala., under Rev. St. U. S. § 2289, and afterwards, under section 2301, commuted his homestead entry into a cash entry. The willfully false declarations or statements which the defendant is charged to have made are con-

tained in his affidavit of July 30, 1887, made at the time his application and proof to commute his homestead to cash was made, and to the truth of which declarations or statements the defendant made oath before the judge of probate in and for the county of Escambia, in this state. These declarations or statements, as set out in the indictment, are, in substance, that defendant actually moved on said land in December 1886; that his actual residence has been on said land up to the filing or taking said oath; that his residence thereon has been actual and continuous; and that he has not resided or boarded elsewhere than on said land since commencing his residence thereon,—which statements the indictment alleges were material, and were willfully false, and contrary to what defendant believed to be true. The indictment contains two counts, which, as respects any matter now to be determined, do not substantially differ, except that the second count alleges that the statements were subscribed and sworn to, and that the defendant therein stated he had built a house, and had a half acre of land fenced and in cultivation.

*John D. Burnett,* U. S. Dist. Atty.

*J. M. Davison, M. B. Kelly, J. J. Parker,* and *Wm. D. McKinstry,* for defendant.

Toulmin, J., *(after stating the facts as above.)* The controlling questions raised by the demurrers are—*First,* as to the authority of the judge of probate to administer the oath upon the falsity of which the indictment is laid; and, *second,* whether the oath was one required by law of defendant in the particular matter to which it relates. To constitute perjury it is essential that the oath was administered in the manner prescribed by law, and by some person duly authorized to administer the same in the matter or cause wherein it was taken. *U. S.* v. *Deming,* 4 McLean, 3; *U. S.* v. *Babcock,* Id. 113; *U. S.* v. *Wilcox,* 4 Blatchf. 391; *U. S.* v. *Curtis,* 107 U. S. 671, 2 Sup. Ct. Rep. 507; 3 Whart. Crim. Law, §§ 2244, 2245. And the oath must be one required by law in such a case. *U. S.* v. *Nickerson,* 1 Spr. 232; *Linn* v. *Com.,* 96 Pa. St. 285; *People* v. *Fox,* 25 Mich. 492; *State* v. *Crumb,* 68 Mo. 207; *Gibson* v. *State,* 44 Ala. 17; *White* v. *State,* 1 Smedes & M. 156. In making final homestead proof under section 2291, Rev. St. U. S., the homestead settler may make the affidavit and proof required by that section in support of his claim before the register or receiver, or before the judge, or, in his absence, the clerk of some court of record. If the homestead settler does not wish to remain five years on the land, the law permits him to pay for it with cash, and to obtain a patent therefor from the government. In other words, he may abandon his rights under the homestead law, and avail himself of the benefits of the law granting pre-emption rights. See sections 2301, 2259, Rev. St. When this is done it is called a "commuted homestead entry." The affidavit required to be made by the settler in such case shall be made before the register or receiver, or before the clerk of the county court, or some court of record of the county and state or district in which the land is situated. See act of congress of June 9, 1880, (1 Supp. Rev. St. U. S. 542,) and section 2262, Rev. St.,

which prescribes the oath of the pre-emptionist. "It is fundamental in the law of criminal procedure that an oath before one * * * who, although authorized to administer some kind of oaths, but not the one which is brought in question, cannot amount to perjury at common law, or subject the party taking it to prosecution for the statutory offense of willfully false swearing." *U. S.* v. *Curtis, supra.* The statute declares that the oath must be taken before some "competent tribunal, officer, or person." It means that the oath must be permitted or required by the laws of the United States, and be administered by some tribunal, officer, or person authorized by such laws to administer an oath in respect of the particular matters to which it relates. Section 5392, Rev. St. A person cannot be convicted of perjury for taking a false oath before one not empowered by law to administer the oath. *State* v. *Phippen,* 62 Iowa, 54, 17 N. W. Rep. 146. So the question is whether the judge of probate was, at the time of the oath taken by defendant, authorized by the laws of the United States to administer such oath. The matter on which the perjury is assigned grew out of an affidavit made by the defendant on his application for a commutation of his homestead entry under section 2301, Rev. St. U. S. The statements sworn to, and which are alleged to be false in the indictment, are not the statements required or authorized by law to be made in the affidavit of an applicant for a pre-emption, a homestead, or a homestead commutation entry. See sections 2262, 2289–2291, Rev. St. U. S. They were therefore wholly irrelevant and immaterial. Perjury cannot be predicated upon them, however false they may be. Oath as to mere surplusage and immaterial statements cannot support a conviction for perjury. The officer before whom the oath was taken had no power to construct a new oath, different from that prescribed by the statute. My conclusion is that the judge of probate had no authority in law to administer the oath charged in the indictment, and that the said oath was not one required by law in such a case as that set out in the indictment. The indictment is therefore fatally defective, and the demurrer to it should be sustained. It is so ordered.