## UNITED STATES v. COVER.

*(District Court, W. D. Pennsylvania. May 12, 1891.)*

INDICTMENT—VIOLATION OF ELECTION LAWS—REFUSAL TO TESTIFY.

Rev. St. U. S. § 110, provides for the taking of testimony in contests as to the election of a member of the house of representatives before certain officers. Id. § 111, provides for the issue by such officer of his subpoena to the witnesses, and Id. § 114, for the service of the subpoena. *Held*, that an indictment under Id. § 116, for refusing to attend and testify, which avers that defendant, having been duly served with a subpoena, etc., "did refuse and neglect to attend and testify," but which fails to allege special statutory authority for the issue of the subpoena, and the particular official by whom it was issued, is insufficient.

.At Law. Motion to quash indictment.

*F. J. Kooser*, *J. R. Scott*, and *Ed. B. Scull*, for defendant.

*Walter Lyon*, Dist. Atty., *Wm. J. Brennan*, and *A. V. Dively*, for the United States.

REED, J. The indictment in this case is intended to charge an offense under section 116 of the Revised Statutes, which provides that any person, who, having been summoned to testify in a contest relating to the election of a member of the house of representatives of the United States, in the manner provided in section 110, section 111, and section 112 of the Revised Statutes, refuses or neglects to testify, unless prevented by sickness or unavoidable necessity, shall be liable to indictment for misdemeanor. Section 110 provides that any contestant or returned member, desirous of obtaining testimony respecting a contested election, may apply to any of the following officers, who may reside within the congressional district within which the election to be contested was held, viz., a judge of any court of the United States; a chancellor, judge or justice of a court of record of any state; any mayor, recorder, or intendent of any town or city; or any register in bankruptcy or notary public. Section 111 provides that the officer to whom the application authorized by section 110 is made shall thereupon issue his writ of subpoena, directed to all such witnesses as shall be named to him, requiring their attendance before him at some time and place named in the section, in order to be examined respecting the contested election. Section 112 provides that, if none of the officers named in section 110 reside in the congressional district, two justices of the peace may receive the application, and jointly proceed upon it. Provision is made in section 120 that the witnesses are to be examined by the officer issuing the subpoena, or, in case of his absence, by any other officer authorized to issue such subpoena. The subpoena must, as provided in section 114, be duly served on the witness five days at least before the day fixed for the attendance of the witness, and, by section 115, no witness can be required to attend an examination outside of the county in which he may reside, or be served with a subpoena. "It is a general rule that the special matter of the whole offense should be set forth in the indictment with such certainty that the offense may judicially appear to the court. When special facts

are an essential part of the offense, they must be set out." Whart. Crim. Pl. § 151. "Where the act is not in itself necessarily unlawful, but becomes so by its peculiar circumstances and relations, all the matters must be set forth in which its illegality consists." Hence the omission of any fact or circumstances necessary to constitute the offense will be fatal; as in an indictment for obstructing an officer in the execution of process, without showing that he was an officer of the court out of which the prosecution issued, and the nature of the official duty, and the process. Id. § 152. An indictment under the twenty-second section of the act of 1790, making it an offense knowingly and willfully to obstruct, resist, or oppose any officer of the United States in serving any legal process, must show by proper averments that the process was legal, not only in form and purpose, but as emanating from some court or officer empowered by law to issue such process. *U. S.* v. *Stowell,* 2 Curt. ·155, and in that case Justice CURTIS says:

"To constitute an offense under this law, the obstruction must have been of some legal process, and, whatever may have been the form or purpose of this process, it is not legal process, within the meaning of this act, unless it emanated from, and was issued by, some tribunal, judge, or magistrate authorized by the laws of the United States to issue such process. What particular averments are necessary to show this authority to issue the process alleged to be obstructed depends upon the character of the tribunal or officer from whom it came. If, as in this case, the officer who granted the process had by law only a limited and special authority, dependent for its existence upon particular facts, every fact necessary to the existence of that authority must either be averred in the indictment, or appear on the face of the process set out therein."

An indictment for perjury alleged to have been committed on an examination before "a commissioner of the United States duly appointed," but not stating how, or by whom, or under what statute, or for what purpose, such commissioner was appointed, is bad on demurrer. *U. S.* v. *Wilcox,* 4 Blatchf. 391. The indictment in this case avers that the defendant—

"Being duly served with a subpœna personally, by making known the contents thereof, and by handing him a copy thereof, at least five days before the 31st day of March, A. D. 1891, that being the day his attendance as a witness was required by said subpœna before John A. Doyle, city recorder of the city of Altoona, * * * or some other person or persons duly qualified, * * * unlawfully did refuse and neglect to attend and testify and produce said ballot-box, as required by said subpœna, although not prevented by sickness or unavoidable necessity."

The indictment also avers that the subpœna required the production of the ballot-box by the witness.

The first reason set forth by the counsel for the defendant in support of his motion to quash the indictment is that "the bill of indictment does not charge the defendant with the commission of any offense against the laws of the United States." The second reason set forth in support of the motion is that "the bill of indictment does not aver that the subpœna alleged to have been served upon defendant was issued by any person or tribunal authorized or competent to issue such subpœna, or where or by

whom it was issued." Tested by the rules laid down in the authorities I have cited, I think the indictment clearly insufficient. The foundation of the whole proceeding is the issuing of the subpœna by one of the several officials, authorized, by the sections I have quoted, to issue subpœnas in contested election cases. The authority is special and statutory, and the particular official who issued the subpœna, and the manner in which it was issued, should have been averred in the indictment. This has not been done, and hence it does not appear that the defendant owed such duty, and was under such legal process as to render him liable to the penalties prescribed by the statute. For this reason the indictment should be quashed.

This conclusion renders it unnecessary to pass upon the questions raised by the third and fourth reasons assigned in the motion to quash, or to decide whether an officer of the classes named in the statute may go beyond the county of which, or in which, he is an official under the state laws, and take the depositions of witnesses in other counties in the same congressional district, or whether his subpœna will run beyond the county in which he resides, where, by the state laws, his powers are only exercisable in that county.