HENRY G. DEGENRING, DEFENDANT-PROSECUTOR, v. ELINOR KIMBLE, BY NEXT FRIEND, PLAINTIFF-RESPONDENT.

Submitted May 17, 1935—Decided September 19, 1935.

Before Justices PARKER, CASE and BODINE.

For the prosecutor, *Lester C. Leonard.*

For the respondent, *William J. O'Hagan.*

The opinion of the court was delivered by

PARKER, J. This is a *certiorari* directed to a rule entered in a District Court, awarding to plaintiff a new trial on damages only in an automobile collision case. Plaintiff had a rule to show cause for a new trial based on inadequacy of damages, followed after argument by the rule absolute here particularly attacked, which directs that the rule to show cause "be made absolute and a new trial granted as to damages only." The reasons assigned under the present writ are (1) that only a rule for new trial generally can be supported

by the rule to show cause; (2) lack of jurisdiction to make a rule to show cause as to damages only (no such rule was made); (3) lack of jurisdiction to award a new trial as to damages only; (4) substantially reiterates No. 1. The principal attack is on the jurisdiction of the District Court in the premises, and necessarily so, because while this court has constitutional power to supervise generally by *certiorari* the proceedings in District Courts (*Green* v. *Heritage,* 64 *N. J. L.* 567, 571), it customarily leaves the parties to their appeal, except where some jurisdictional question is involved, as for example, where new trial is ordered on an application more than thirty days after judgment. See *Schubert* v. *District Court,* 10 *N. J. Mis. R.* 414; 159 *Atl. Rep.* 615, and *Honeoszyn* v. *Garbowski,* 11 *N. J. Mis. R.* 80. In the case at bar there was clearly jurisdiction to make the rule to show cause that was made The real question is whether there was jurisdiction to make that rule absolute in a limited form which foreclosed a retrial on the primary question of liability.

The power of the District Court to award a new trial in an ordinary action at law is expressly conferred by section 17 of the District Court act. "In every case tried in any of said courts, the judge may, if he sees fit, order a new trial to be had upon such terms as he shall think reasonable * * *." *P. L.* 1898 (at *p.* 559); *Comp. Stat., p.* 1959. This has been held to include the power to require a plaintiff, on defendant's rule, to elect whether to accept a reduced verdict or go to trial again. *Dunning* v. *Reid,* 76 *N. J. L.* 384; and to confer as full power to grant new trials as obtains in courts of common law jurisdiction. *Ibid.* (at *p.* 385). The right of those courts generally to impose terms is elementary. 46 *C. J.* 418. The right to limit the issue to that of damages was carefully examined and definitely declared by such authority as the Supreme Court of Rhode Island in *Clark* v. *New York, &c., Railroad Co.,* 33 *R. I.* 83; 80 *Atl. Rep.* 406, 415. See, also, the later case of *Sullivan* v. *John R. White & Son,* 36 *R. I.* 488; 90 *Atl. Rep.* 738.

It is quite clear, however, that the large discretion granted to a trial court in imposing terms should be most carefully

and cautiously exercised, particularly in cases of limitation to damages only and in favor of a plaintiff claiming that they are inadequate. The proof of liability should be exceptionally clear in order to justify the restriction of a new trial to no more than a reassessment of damages; and particularly because the granting of a new trial is in general not subject to appeal or other review. Another consideration is that a jury, though not satisfied of plaintiff's right to recover, may still misguidedly and illogically bring in a nominal or insignificant verdict for the plaintiff. This was the situation in the rather extreme case of *Miller* v. *Delaware, Lackawanna and Western Railroad Co.,* 58 *N. J. L.* 428, where the verdict was for six cents, and this court naturally set it aside *in toto.* No one would say in such a case that there should be a new trial on damages only. But the award in the present case of a new trial on terms was within the jurisdiction of the District Court, even though those terms were favorable to the applicant for the rule. Hence this court should not interfere by *certiorari.*

As to the suggestion that the evidence as to damages may be different at a second trial, the answer is that this is incidental to any issue in any new trial. See 4 *Blk.* 391, &c. Any practicing lawyer will endeavor to strengthen his case on a second trial by additional evidence. Indeed, the award of new trials for newly discovered evidence is necessarily predicated on other evidence than that at the first trial.

The writ will be dismissed, with costs.