ELINOR KIMBLE, AN INFANT, BY HER NEXT FRIEND, ELIZABETH KIMBLE, PLAINTIFF-RESPONDENT, v. HENRY DEGENRING, DEFENDANT-APPELLANT.

Submitted January 15, 1936—Decided July 18, 1936.

Before Justices Heher and Perskie.

For the appellant, *Lester C. Leonard.*

For the respondent, *Joseph F. Mattice (Gilbert H. Van Note,* of counsel).

The opinion of the court was delivered by

Perskie, J. The question requiring decision in this cause is whether, in a new trial as to damages only, the plaintiff is limited to a recovery solely for those personal injuries apparent at the first trial. We think not.

At the first trial between the same parties on November 19th, 1934, the jury returned a verdict of $150 in favor of the infant plaintiff and a verdict of $55 in favor of her next friend. A rule to show cause why the verdict of $150 should not be set aside, on the ground of inadequacy of damages, was obtained, made absolute, and a new trial was granted as to damages alone. This court dismissed a writ of *certiorari* directed to that rule. *Degenring* v. *Kimble,* 115 *N. J. L.* 379; 180 *Atl. Rep.* 685.

Thereafter, on October 22d, 1935, the case was retried; the result of that trial was a jury verdict of $445. It is the judgment based on that verdict that is now challenged.

Defendant's grounds of appeal are that, over objection and exception, the plaintiff and her physician were permitted to testify as to the physical condition of the former subsequent to the verdict of the jury at the first trial; and that the court erroneously refused to make certain requests of charges which, in substance, required the jury to base their damages on the apparent condition of the plaintiff at the date of the first trial.

*First:* A new trial for damages only is, as to that issue, a trial *de novo.* "Where a motion for a new trial has been sustained, the case stands as if there had never been a trial; the court has the same power with reference to matters connected with the trial of the case as it had before the first trial was had, and it is the duty of the court to proceed as in the

first instance. The new trial is had as if there had never been a previous one." 46 *C. J.* 461; see, also, 20 *R. C. L.* 323. Thus in the case at bar it was the duty of the trial court and jury to consider the matter of damages as though it were never before raised. It is elementary that, in an action of tort, included in the measure of damages are the total physical injuries suffered—not merely those up to the time of the trial, but also those prospective damages which can be estimated as reasonably certain to occur. The plaintiff is entitled to recover for the complete results of the injuries perpetrated. *Sedgw. Dam.* (1880 *ed.*) 204. In *Sparks* v. *The Citizens Coach Co.,* 6 *N. J. L. J.* 365 (at *pp.* 368, 369), Parker, J., in a charge, as to the question of damages, said that the jury should take into consideration "* * * damages not only up to the beginning of the suit, but in future." Prospective or future damages are at best not always easy or certain of ascertainment. They are to a large extent based on probabilities and uncertainties. Thus when on a retrial, as here, the probabilities need not be balanced, and the uncertainties are diminished, proof of the physical condition of the plaintiff between the first and second suit is clearly admissible. It is the best proof of the fact in issue. Uncertainty is largely removed. In the interest of justice, the jury should be permitted to know the true facts.

*Second:* Defendant rests heavily on the case of *Barry* v. *Borden's Farm Products Co.,* 2 *N. J. Mis. R.* 652. In that case a new trial was sought upon newly discovered evidence. It was based on alleged subsequent physical improvement of the defendant who had received a $25,000 verdict. The application was denied. The defendant here now urges that since evidence of an improved condition was held not to be the basis for a new trial, evidence of enhancement of the injuries should not be admissible in a new trial for damages only, and the jury should confine its award to a consideration of the injuries apparent at the date of the first trial only.

This contention is without substance. True there must be an end to litigation. But once a new trial is granted then both plaintiff and defendant should be allowed to adduce

proof to reveal the truth, the present, and prospective or future damages of the injured party. It would indeed be shocking to one's sense of justice if, for example, plaintiff suffered an injury to a limb and the jury was obliged to estimate the ultimate result of that injury, and a new trial was subsequently granted, that he would not be permitted to have the jury take into account, in assessing damages, the fact that the limb had to be amputated as a result of the alleged injury. And an equally shocking result would follow if a defendant, on a retrial, as here, were not permitted to show that there had in fact been a complete recovery. Only by permitting each party to establish the true facts may complete justice be achieved.

In *Degenring* v. *Kimble, supra,* this court, by Mr. Justice Parker, held:

"As to the suggestion that the evidence as to damages may be different at a second trial, the answer is that this is incidental to any issue in any new trial. See 4 *Bl.* 391, &c. Any practicing lawyer will endeavor to strengthen his case on a second trial by additional evidence. Indeed, the award of new trials for newly discovered evidence is necessarily predicated on other evidence than that at the first trial."

Advantage, therefore, should be taken of the fact that uncertainties and probabilities have become actualities. Truth must prevail.

Judgment is affirmed, with costs.