CUMMINGS v. THE DES MOINES, WINTERSET & S. W. R. R. Co. *et al.*

Circuit court: JURISDICTION: INJUNCTION. Under section 4, chapter 86, acts of the 12th General Assembly, the circuit court possessed no power to grant an injunction, or other chancery jurisdiction. The authority conferred by section 8 of said act on the *judge* of said court to grant injunctions does not extend to the *court.*

*Appeal from the Polk Circuit Court.*

FRIDAY, JANUARY 25.

THE plaintiff presented to the circuit court of Polk county a petition, showing that he is a citizen and tax payer of the county, residing in Des Moines township, and that the treasurer of the county, who is made a defendant, is about to enforce, by sale of property of plaintiff, the collection of a tax found upon the tax books of the county, for the purpose of aiding in the construction of the Des Moines, Winterset & S. W. Railroad. It is charged that this tax is illegal and void on account of certain irregularities in the .proceedings required by law preliminary to its levy, for want of power in the trustees of the township to submit the question of taxation to a vote of the people, and because the tax has not been, in fact, levied by the supervisors of the county, as required by law. The tax is claimed to be invalid on other grounds. Upon this petition plaintiff asked that an injunction be allowed restraining the collection of the tax and all proceedings for the sale of property thereon. The court refused to allow the injunction, and the order was properly entered of record. From this decision plaintiff appeals.

*Phillips & Phillips* for the appellant.

*Gatch & Wright* for the appellee.

BECK, Ch. J. — The circuit courts, as now organized, possess no general chancery jurisdiction. Their equity powers are special, and are all enumerated in section 4 of chapter 86, acts Twelfth General Assembly. The authority to allow injunctions is an incident of chancery jurisdiction, and can only be exercised by courts clothed with general chancery powers or by virtue of legislative enactment. The authority is not, and cannot be, claimed on the first ground, and certainly cannot be .supported upon the last. It is not included in the enumera-

tion of chancery powers contained in the provision just cited. The eighth section of the act authorizes the circuit *judge* to allow injunctions. But this legislation, it cannot be claimed, bestows like power upon the court. The distinction between a judge and a court is too familiar and well understood to demand explanation. The statute, in many instances, empowers the judge to do acts that cannot be done by the court. Thus, in the very last section cited, the circuit judge is authorized to solemnize marriages, take depositions, administer oaths, etc. It will not be pretended that the circuit court is authorized by this law to do these acts. See, also, Rev., §§ 3774, 3775.

The circuit court not possessing the power, for this reason rightly refused to allow the injunction.

The other questions arising upon the merits of plaintiff's petition cannot be considered on account of the want of jurisdiction of the court wherein the relief was sought. We cannot discuss and determine questions which the court, whose judgment is appealed from, had no authority to consider.

Affirmed.