## THE STATE v. O'HAGAN.

1. **Criminal law**: PERJURY. An indictment for perjury is not vulnerable to the objection that it does not charge the oath to have been administered by any one, if it allege that defendant was "duly sworn."

2. **Practice**: ERROR MUST BE AFFIRMATIVELY SHOWN. The Supreme Court will not presume, in the absence of a showing to that effect, that defendant was not present when the verdict was rendered.

3. ———: INSTRUCTION. An instruction commencing with the words, "If you believe from the evidence," etc., is not erroneous, "believe," in such connection being synonymous with "find."

4. ———: FAILURE TO INSTRUCT. To omit to give instructions upon a material part of the case, clearly made by the testimony, will justify reversal.

*Appeal from Hamilton District Court.*

MONDAY, JUNE 15.

THE defendant was indicted, tried and convicted for perjury. He appeals.

*J. S. Skinner, Galusha Parsons, Polk, Hubbell & Goode,* for appellant.

*M. E. Cutts,* Attorney-General for the State.

COLE, J.—I. The indictment charges that "the defendant was then and there duly sworn before the court, and took his oath before said court, the said court then having full and competent authority to administer an oath to him in that behalf." It is, now and here, objected that the indictment does not allege that the oath which the defendant violated was administered by any one. But this objection could not avail, even on demurrer. For it is well recognized by the authorities that it is sufficient to charge that the defendant was "duly sworn." *Dodge v. The State,* 4 Zabriskie, (N. J.) 455; *The State v. Farron,* 10 Rich. Law, (S. C.) 165; or that "he was sworn and examined as a witness." *The State v. Norris,* 9 N. H., 96; 3 Greenl. on Ev. § 192; or that he

1. CRIMINAL law: perjury.

"did take his corporal oath before the said board." *Campbell v. The People*, 8 Wend., 636. And *a fortiori*, it is sufficient under our statute, Rev. 1860, Sec. 4666, Code of 1873, Sec. 4312.

Other mere technical objections are made to the indictment; but it is not shown by the abstract that they have any basis of fact. It is not shown that the defendant was not present when the verdict was rendered. We are asked to presume it, in the absence of any showing upon the subject. This we cannot do. Error must be made affirmatively to appear.

2. PRACTICE: error must be affirmatively shown.

II. It is further urged here that the court erred in refusing to strike out the testimony of three of the witnesses for the prosecution, because the testimony was wholly immaterial to the issue. But, as we read the indictment and the testimony, the latter was quite material, and the court did not err in refusing to strike it out.

III. The court instructed the jury, among others, as follows: "7. In order to authorize a conviction, it is not necessary to prove the exact words charged in the indictment, it will be sufficient to prove that the defendant testified in substance as charged in the indictment." The very words of the objection here made by appellant's counsel to this instruction are these: "The jury are to determine from the evidence the words spoken by the defendant, and then under the instructions of the court, after they have determined as to the language used by the defendant, to render their verdict." The objection as made, does not present to our minds any sufficient reason for holding the instruction erroneous.

IV. One of the instructions given commences with this language: "10. If you *believe* from the evidence before you, that," etc. It is claimed that the instruction is erroneous because it did not use the word "*find*," instead of *believe*. It seems to us that in the connection the word *believe* is used, it is synonymous with *find*.

3. ——— :———: instruction.

V. We are urged, by the force of three able and earnest arguments, to grant a new trial, because the verdict is contrary to the evidence and effectuates injustice. But since we

reverse the judgment for another reason, it is proper for us to pass this question without any expression of opinion upon it.

VI.   There were five witnesses on the part of the State, two of whom were the attorneys against the defendant in the case where the alleged perjury was committed, and the others, his personal enemies, each of whom testifies substantially to the perjury as assigned in the indictment, that is, that the defendant when sworn as a witness, did testify positively that he did not utter the slanderous words involved in that case, and set out in the indictment.   The defendant introduced six witnesses, three of whom were of the jury who tried the slander case, and two the defendant's attorneys therein, each of whom testifies that the defendant did not testify positively that he did not utter the slanderous words, but that he " did not recollect " or that " he did not believe" that he uttered the words, and that he gave as a reason for his belief, that in 1866 and shortly after the words were alleged to have been uttered, he heard it said that he had uttered them, and he walked a long distance, (giving it), to inquire of the landlord of the hotel, where the words were alleged to have been uttered, if it was true, and the landlord then said he did not utter them.   In other words, and briefly, five witnesses for the State testify that the defendant, when under oath, did deny *positively* that he uttered the words; while six witnesses testify his denial was *not positive*, but that he did not recollect or did not believe that he uttered them.

*4. ———: fail-*
*ure to in-*
*struct.*

Now, the court gave twelve instructions to the jury, all of them very correct, but they have reference alone to the hypothesis claimed by the State, and to the testimony of its witnesses. But there is not a single instruction or sentence bearing upon the theory claimed by the defendant and supported by his witnesses.   If the jury had believed that theory, they might possibly have found the defendant guilty, under the instructions, because they found that he did, in fact, utter the words, and he did, as a witness deny the uttering.   Whereas, in law, if he could, under that theory, be convicted at all upon this indictment, it could only be upon proof satisfying the jury that he swore falsely as to his recollection or belief.   That

is, the jury would have to find that he uttered the words, and denied, upon his recollection or belief, that he did utter them, and that at the time he so denied, he did recollect or believe that he uttered them. To omit to give instructions upon this essential part of the case and so clearly made by the testimony, was error, for which, under the previous decisions of this court, the judgment should be reversed. *Owen v. Owen*, 22 Iowa, 270; *The State v. Collins*, 20 Iowa, 85; *Muldowney, adm'x v. The Illinois Central Railroad Company*, 32 Iowa, 176.

REVERSED.