## STATE V. PHIPPEN.

1. **Perjury:** OATH BEFORE TOWNSHIP ASSESSOR: ALLEGATION OF TIME IN INDICTMENT. A person cannot be convicted of perjury for taking a false oath before one not empowered by law to administer oaths; and as a township assessor is not authorized to enter upon his duties before the third Monday of January after his election, one who, before such assessor, falsely swears to an assessment of his property, prior to that time, does not thereby commit legal perjury. In such case the allegation of time in the indictment becomes material, and renders the indictment bad.

*Appeal from Henry District Court.*

THURSDAY, OCTOBER 18.

THE defendant was convicted of the crime of perjury. The facts involved in the question of law ruled by this court appear in the opinion.

*Wright, Cummings & Wright,* and *Palmer & Palmer,* for appellant.

*Smith McPherson, Attorney-general,* for the State.

BECK, J.—I. Numerous questions arising upon objections to the indictment, and upon the instructions given and refused, are discussed by defendant's counsel. We find it necessary to consider but one objection to the validity of the judgment of conviction, which meets us at the threshold of the case, and prevents escape from the reversal of the judgment of the court below.

The indictment charges defendant with the crime of perjury committed in falsely swearing to the assessment of property for taxation. It alleges that the perjury was committed on the 15th day of January, 1880, and that the oath was administered by the assessor of the township wherein the property was assessed. The defendant, by demurrer to the indictment, and by motions to set aside the verdict, and for a new trial, and in arrest of judgment, objected to the indict-

ment on the ground, among others, that it shows upon its face that the assessor had no lawful authority to administer the oath at the time the offense is alleged to have been committed. The objection is renewed in this court. In our opinion it should have been sustained by the district court.

II. Township assessors are elected annually upon the second Tuesday of October of each year, except that, when a president is elected, the election is held upon the Tuesday next after the first Monday of November. Code, §.§ 573, 591. The township assessors cannot enter upon the duties of their offices in the assessment of property, and they are charged with no others, until the third Monday of January next after the election. Code, § 822.

The indictment alleges that the assessment was made and the oath was administered to defendant on the 15th day of January, which was before the law authorized the assessor to enter upon the discharge of his duty, the third Monday falling, the year the assessment was made, upon the 19th day of the month. Upon that day the assessor had no lawful authority to perform any official act. He was not clothed with authority to make assessments or to administer oaths. His acts were those of one having no authority.

III. It cannot be claimed that a person may be convicted of perjury for taking a false oath before one not empowered by law to administer oaths. We will not be expected to cite cases upon this point. And it is equally well settled that an indictment for perjury is bad which alleges that the oath was administered by one not clothed with authority to administer it. The indictment in this case, in alleging that the oath was taken and the assessment was made on a day before the assessor was authorized by statute to enter upon the discharge of his duty, shows absence of authority of the assessor to administer the oath.

IV. The allegation of the day upon which the offense was committed is not usually material in indictments. But in an indictment for perjury it is material to show that the oath

was lawfully administered.    Certainly, if the indictment shows that the oath was not lawfully administered, it is bad, and the defect is fatal.    The allegation of the day when the assessment was made and the oath administered, is, in this case, something more than an averment as to the time of the offense.    It is an allegation showing absolute want of authority of the assessor to administer the oath and make the assessment.

An indictment alleging facts that do not constitute a crime, cannot be supported by proof of other facts which are punishable by law.    So an indictment for perjury, alleging that the oath was administered by a person not authorized by law so to do, cannot be supported by proof that the accused was sworn by one authorized to administer oaths.    This is, in effect, the precise case before us.    The indictment alleges that defendant was sworn by the assessor at a time when he had no authority to administer oaths.    It cannot be supported by proof that the oath was subsequently administered, for the simple reason that it charges no indictable offense.    The want of authority of the assessor to administer the oath at the time alleged in the indictment, takes from the false swearing the quality which renders it punishable by the law.    It may, notwithstanding, be a moral perjury, but with that we have nothing to do.

We reach the conclusion that the district court erred in overruling the demurrer to the indictment and the motion to set aside the verdict and in arrest of judgment.

REVERSED.