STATE OF IOWA V. JOHN CAYWOOD, Appellant.

| 96 | 367 |
|----|-----|
| 98 | 372 |

| 96 | 367 |
|----|-----|
| 111 | 717 |

| 96 | 367 |
|----|-----|
| 128 | 32 |

| 96 | 367 |
|----|-----|
| 131 | 202 |

| 96 | 367 |
|----|-----|
| 143 | 588 |

**Perjury.** Courts have an inherent power to administer oaths, and
1    that power can be taken away by express legislation, alone. It is
2-3  not lost because a revision of the statutes omits the word "court"
4-5  in enumerating those who are authorized to administer oaths.

SAME: VARIANCE. An indictment which charges that the oath was
6    administered by the court is sustained by proof that it was
administered by the presiding judge, or by the clerk under his direction.

**Practice.** Our Code recognizes but three pleas: guilty, not guilty,
7    and former conviction or acquittal. Code, 4359. Hence it is
proper to strike out one which, in effect, asserts *res adjudicata* by setting up matter claimed to have been in issue in a former trial and to be in issue in the present one.

FORMER ACQUITTAL. The fact that a defendant who denies a larceny
8    is acquitted of it, does not adjudicate that he did not commit perjury in making such denial.

EVIDENCE: COURT AND JURY. The question whether testimony on
9    which perjury is assigned was material in the case in which it was given is one for the court.

Deemer, J., takes no part.

*Appeal from Montgomery District Court.*—HON. H. E. DEEMER, Judge.

THURSDAY, DECEMBER 12, 1895.

The defendant was indicted for the crime of perjury, was convicted, and adjudged to be confined in the penitentiary for the term of three years. He appeals.—*Affirmed.*

*F. P. Greenlee, J. M. Junkin,* and *Smith McPherson* for appellant.

*Milton Remley,* attorney general, and *Edward Mills,* county attorney, for the state.

Kinne, J.—I. The indictment charges that, in the cause in which it is alleged the perjury was committed, this defendant "was then and there by the court duly sworn, at and during said trial, and the said court had full power and authority to then and there administer the oath to the said John Caywood; and the said John Caywood did then and there take his proper oath as a witness in said case, and the said court did then and there administer the said oath, as aforesaid, to the said John Caywood." It is insisted that a "court" has no authority to administer an oath; that the indictment must set out the name of the person administering the oath; that the court is made up of the judge, the clerk, the sheriff, and the members of the bar. It appears from the record that some of the evidence tends to show that the oath was administered by the trial judge, and there is other evidence which tends to show that it was administered by the clerk of the court. The question as to the want of authority in the court to administer the oath, and that defendant was not duly sworn by the court, was raised by objections to the admission of evidence, which were overruled; also in

an exception taken to the following instruction given by the court: "It is alleged that the oath was administered by the court. Now, if it be shown that an oath was administered by the judge presiding at the trial, or by the clerk of the court, and in either event in open court, this will be sufficient upon this point." The Code of 1851 (section 1594) provided: "All courts have power to administer oaths connected with any matter pending before them, either by any judge, justice or clerk thereof, or by any other person appointed for that purpose by them." The same provision is found in Revision 1860, section 2684. The Code of 1851 also contained independent provisions authorizing oaths to be administered by each judge of the supreme court, each judge of the district court, each clerk of the supreme court, each clerk of the district court, each justice of the peace, each notary public, each judge of the county court, and by the prosecuting attorney when acting in his stead. Code 1851, section 979. Now, the Revision of 1860 contained in section 2684 the same provisions as are found in section 1594 of the Code of 1851. It also contained independent provisions, authorizing the same officers to administer oaths as are authorized by Code 1851, section 979. See Revision 1860, sections 201, 1843. In the Code of 1873 section 2684 of the Revision is omitted, and by section 277 the following, among other officers, are authorized to administer oaths, viz.: Each judge of the supreme court, each judge of the district court, the clerk of the supreme court, each clerk of the district court, as such. From the fact that section 2684 of the Revision is omitted from the Code of 1873, and because the "court" is not in express terms mentioned in section 277 as being authorized to administer an oath, it is contended that no such authority is now vested in the court. This claim is grounded on the theory that there is a

distinction between a court and a judge, and that many powers conferred upon a judge cannot be exercised when the same judge is sitting as a court. *Cummings v. Railroad Co.*, 36 Iowa, 173. Nevertheless, it is true that the term "court" may sometimes be construed to mean the judge of the court, depending upon the connection and object of its use. So, a court is defined as "the judge, or body of judges presiding over a court." Black, Law Dict. tit. "Court." Our statute providing what shall be essential in an indictment for perjury requires the indictment to state "in what court or before whom the oath alleged to be false was taken." Code 1873, section 4312. In *State v. O'Hagan*, 38 Iowa, 504, it was held that an indictment which charged that the defendant was "duly sworn before said court, the said court then having full and competent authority to administer an oath to him in that behalf," was good, and that it would have been sufficient to have charged that the defendant was "duly sworn." It is said that this case (which was decided in 1874) must have arisen prior to the time the Code of 1873 went into effect, and when the "court" was expressly authorized to administer the oath. There is, however, nothing in the opinion to indicate that the case may not have arisen after the Code of 1873 took effect. The opinion refers to certain sections in the Revision of 1860 and in the Code of 1873. Now, we think that a judge of the district court, when acting in the capacity of a court, has the same power to administer an oath as he has when not so acting. It is in many districts, and always has been, the practice for the court to administer the oath to all witnesses. Can it be possible that he has no power to do so? We may readily agree that custom, in that respect, does not make the law if no power in fact exists. We think it would be an astounding doctrine to hold that, under the statute, courts have no

authority to administer oaths. Furthermore, it would
be, we think, giving a very narrow and unwarranted
construction to the statute, when we consider the
purposes sought to be attained by the authority con-
ferred. It is true that the indictment must in some
manner aver that the defendant was duly sworn by
a person then having authority to administer an oath.
*State v. Phippen,* 62 Iowa, 54 (17 N. W. Rep. 146).
Now, the evidence shows that the oath in controversy
was administered either by the court,—that is, the
judge sitting as a court,—or by the clerk of the district
court during the session of court, and hence in pres-
ence of the court. If it be true that the oath was in
fact administered by the clerk, it was so done under
the direction of the court, and, in legal contemplation,
may be said to have been administered by the "court."
A statute requiring an oath to be administered "by
the court or judge" was held complied with by the oath
being administered by the clerk in open court, under
the direction of the court. *Oaks v. Rodgers,* 48 Cal.
197. And see *State v. Knight,* 84 N. C. 793; *Stephens
v. State,* 1 Swan, 157; *Keator v. People,* 32 Mich. 484;
*Walker v. State* (Ala.) (18 South. Rep. 393).
Nor do we think that section 277 of the Code is
a limitation on the power of the court. The
power of a court to administer an oath in proper
cases, in proceedings before it, inheres in the court
itself, and could not be taken away except by express
legislation to that effect. It has been held that it is
enough to allege in an indictment for perjury that the
witness was sworn before a court, and proof of swear-
ing before an officer of court, in the presence of the
court, will sustain an allegation of swearing before or
by the court. 2 Whart. Cr. Law (9th Ed.) section 1287.
The same eminent writer observes that swearing
before a clerk in open court is equivalent to swearing
before the court. Id. section 1315, and cases cited. So,

it is held that an oath administered by a clerk of the court is the same, ordinarily, as if administered by the judge, unless the statute otherwise provides. 2 Bishop Cr. Law (5th Ed.) section 1020. Again, there could be no prejudice to the defendant if the oath was administered by the clerk, and the indictment charged it as being administered by the court. Under our statute, the indictment is sufficient if it can be understood therefrom that the act or omission charged as the offense is stated with such a degree of certainty in ordinary and concise language, and in such a manner, as to enable a person of common understanding to know what is intended, and the court to pronounce judgment upon a conviction according to the law of the case. Code, section 4305. We hold, therefore, that the judge sitting as a court has power to administer the oath to witnesses; that an indictment charging that the oath was administered by the court is sustained by evidence that the oath was administered either by the presiding judge, sitting as a court, or by the clerk under his direction, as in either event, in legal contemplation, it was administered by the court. There was therefore no error in the rulings complained of, and the instruction objected to was proper.

II. In this case the defendant filed—*First*, his plea of not guilty; *second*, his plea of former acquittal; and, *third*, a specific plea setting out in detail what he claimed was in issue in the former trial, wherein the alleged false testimony was given, and averring that the same thing in substance was in issue in this case, of which matters he had been acquitted in the former trial. The state moved to strike this last plea, because the matter contained in it was irrelevant, redundant, and not authorized by the statute, which motion was sustained, and an exception taken to the ruling. Counsel say: "This

third plea of ours, which was stricken from the files, was not so much a plea of former acquittal as it was of *res adjudicata.*"     Under our statute, there are but three pleas to an indictment:     *First,* A plea of guilty; *second,* not guilty; and *third,* a plea of former conviction or acquittal of the offense charged.     Code, section 4359.     There was, then, no warrant for any other plea, and it was properly stricken out.     Counsel rely upon *State v. Clem,* 42 Ind. 420; *U. S. v. Butler,* 38 Fed. Rep. 498, and *Coffey v. U. S.* 116 U. S. 437 (6 Sup. Ct. Rep. 437).     A careful examination of these cases, except *Butler's,* shows that they are not applicable to the case at bar.     The Indiana case will illustrate the difference.     In that case one act caused the death of two persons.     Two indictments were found for the murder of two different persons.     The perpetrator was placed upon trial on one of these indictments, which charged her with the crime of murder in the first degree.     She was acquitted.     The court held that, as the one act had been adjudged not to be murder in the first degree, she could not again be put upon trial for the death of the other person caused by the same act.

In the case at bar the larceny was one act.     Afterward the defendant, upon a trial, was acquitted of that act; but in the course of the trial, it is alleged, the perjury was committed with which the defendant is now charged.     The larceny and perjury were not the same act, but two distinct offenses, committed at different times, and the cited cases do not apply.     Language is used in *Butler's Case* which supports the defendant's contention.     It has, however, little support in the authorities.     It has often been held that a judgment of acquittal, rendered in the case in which the alleged perjury was committed, was not admissible on a trial for perjury to show the guilt or innocence of the defendant.     *Hutcherson v. State* (Tex. Cr. App.) (24 S. W. Rep. 908); *Kitchen v. State*

(Tex. App.) (9 S. W. Rep. 461), and cases cited. The court did not err in striking out the defendant's plea of *res adjudicata.*

III. The court, in the tenth paragraph of its charge, said: "And, if it appears that the defendant upon that trial testified to any of the matters alleged in the indictment in this case with reference to where he was and what he did at the time it is claimed he made the admission and statements to Westlake, such testimony would be material on that former trial." It is said that the jury were the only judges as to the materiality of the testimony upon which the claim of perjury is predicated, and that the court invaded their province in thus determining for them the materiality of the testimony given by defendant in the larceny case. Counsel cite us to no authorities supporting this contention, and we think there are none. However that may be, the question of determining the materiality of the evidence offered in a case is always one for the court, and we can conceive of no reason why the same rule should not be applied when it becomes necessary to determine whether evidence offered upon the trial of another case was material. The following authorities abundantly sustain the correctness of the instruction: 2 Wharton Cr. Law (8th Ed.) section 1284; *Cothran v. State,* 39 Miss. 541; *People v. Lem You* (Cal.) 32 Pac. Rep 12; *Power v. Price,* 16 Wend. 448; *State v. Lewis,* 10 Kan. 157; *People v. Clementshaw,* 59 Cal. 385; *Rahm v. State,* 17 S. W. Rep. 417; 30 Tex. App. 310; 2 Bishop Cr. Proc. section 935; *Gordon v. State,* 7 Atl. Rep. 476, 48 N. J. Law, 611; *Smith v. State* (Tex. App.) 10 S. W. Rep. 751, and cases cited; *Stanley v. U. S.* (Okl.) 33 Pac. Rep. 1025.

IV. It is claimed that there was such misconduct shown on the part of two of the jurors as to require that a new trial should be granted. We need not set

out in detail the facts relied upon; it is enough to say they furnish no ground for disturbing the verdict. Upon this whole record, we discover no error, and the judgment below is *affirmed*.

Deemer, J., takes no part.