STATE OF IOWA v. JOHN C. HARTER, Appellant.

Perjury: SUFFICIENCY OF INDICTMENT. In charging perjury it is not necessary to expressly allege the name and authority of the person administering the oath to defendant, if the facts stated make it judicially appear that such officer had authority and jurisdiction to administer oaths.

*Appeal from Henry District Court.*—Hon. W. S. With-
row, Judge.

Tuesday, July 10, 1906.

Under an indictment for perjury, defendant was con-
victed and sentenced, and from the judgment he prosecutes
this appeal.—*Affirmed.*

*E. S. Combs* and *James Hourihan,* for appellant.

*Chas. W. Mullan,* Attorney-General, and *Lawrence De
Graff,* Assistant Attorney-General, for the State.

McClain, C. J.— The sole objection to the judgment,
urged in various ways is that the indictment charging the
defendant with perjury was insufficient in not properly
charging the name or authority of the person by whom the
oath was administered. The allegation was that defendant
appeared as a witness on the trial of a criminal prosecu-
tion in the district court of Henry county, " and was then
and there duly sworn before the duly authorized clerk of
said court." The provision of the statute (Code, section
5296) is that: " In an indictment for perjury . . . it
is sufficient to set forth . . . in what court or before
whom the oath alleged to be false was taken and that the
court or person before whom it was taken had authority to
administer the same." This section is in practically the
same language in this respect as St. 23 Geo. II, chapter 11,
which has been held to be declaratory of the common law.
*St. Clair v. State,* 11 Tex. Crim. App. 297; Bishop, New
Criminal Procedure, sections 907, 910a. We are not justi-
fied therefore in giving the statute a strict interpretation as
though its object were to set forth specifically the technical
requirements as to what the indictment should show, but
rather we are to give it effect as a remedial statute relieving
the prosecution from undue technical requirements which

may have been recognized in the English courts as to the allegations in prosecutions for perjury.

It is evident that the purpose of the statute was to make it unnecessary to specifically set out the authority of the court or person to administer the oath. For instance, it has been held, applying the corresponding section of the Code of 1873, that it is sufficient to charge that the defendant was " duly sworn," without alleging that an oath was administered. *State v. O'Hagan,* 38 Iowa, 504. Certainly, if it was sufficient in that case to allege that defendant " took his oath before said court," it is sufficient in this case to charge that defendant " was then and there duly sworn before the duly authorized clerk of said court " in a trial in the district court of Henry county, for as a matter of law the clerk of the district court has authority to administer oaths in proceedings before that court (Code, section 393), and the judicial notice which the court will take of that fact renders allegation and proof thereof unnecessary. *United States v. Lehman* (D. C.) 39 Fed. 49; *Babcock v. United States* (C. C.) 34 Fed. 873; 2 McClain, Crim. Law, section 875. " The jurisdiction and authority of the officer to administer the oath must be shown by proper averment. But this may be done either by express averment that the official had such jurisdiction and authority or by setting out such facts as make it judicially to appear that he had such authority and jurisdiction." *State v. Cunningham,* 66 Iowa, 94. It appearing that the oath was administered by a court or person authorized to administer oaths, the allegation that such court or person had the right and authority to do so would be purely allegation of law and therefore unnecessary. *State v. Clough,* 111 Iowa, 714. " The setting forth of the commission or the particular powers of the officer and the source whence they are derived is not necessary, if he is alleged to hold an office which apparently confers upon him the authority to administer the oath in the particular case specified." *United States v. Wilcox,* 4 Blatchf. (U.

S.) 391, Fed. Cas. No. 16,692. Moreover, the court is presumed to have authority to administer oaths to witnesses, and the act of the clerk of the court in administering such an oath is presumed to have been done under the authority of the court. *Masterson v. State,* 144 Ind. 240 (43 N. E. 138); *State v. Caywood,* 96 Iowa, 367 (65 N. W. 385); *Keator v. People,* 32 Mich. 484; *State v. Spencer,* 6 Or. 152.

Counsel for appellant rely upon *State v. Nickerson,* 46 Iowa, 447, but that case was one where the allegation was that the oath was administered by a referee. If as a matter of law a referee has authority to administer oaths in proceedings before him, then the allegation required in that case of such authority would seem to be wholly useless, for it certainly cannot be essential in a pleading of any kind to allege as a matter of fact a purely legal conclusion, of which no proof would be necessary. But the court assumed that it was necessary in that case to prove as a matter of fact that the referee had authority to administer an oath, and, if this was so, then the holding of the court that such fact must be alleged was proper. If there could be referees without authority to administer oaths, then the allegation of the authority of the particular referee would be an essential allegation of fact. *United States v. Wilcox,* 4 Blatchf. (U. S.) 391, Fed. Cas. No. 16,692. A person cannot be convicted of perjury in taking a false oath before one not empowered by law to administer oaths, and the facts essential to show such authority must appear. *State v. Phippen,* 62 Iowa, 54. If it is unnecessary in an allegation that the oath was administered by or before the court to specifically state the name of the judge or other person administering the oath, it must be equally unnecessary to allege the name of the particular person who was the clerk of the court, where the allegation is that the oath was administered by the clerk. The specific time and place when and where the oath was administered, and the specific court in which the oath was administered, were stated in the indictment, and, if it were

important to the defendant to know who was at that time the clerk of the court, that fact could be ascertained from the public records. The court will take judicial notice of the fact. *White v. Rankin,* 90 Ala. 541 (8 South. 118); 1 Jones, Evidence, section 109.

The judgment of the trial court sentencing the defendant for the offense of which he was found guilty is therefore *affirmed.*