STATE OF IOWA, Appellee, v. HARVEY TOLAND, Appellant.

RAPE: Indictment—Age of Accused.  An indictment, under Sec. 12966,
1  Code of 1924, for rape on a female under the age of 16 years, need
   not allege the age of the accused.

INDICTMENT AND INFORMATION:  Motion to Dismiss—False Re-
2  turn of Minutes.  An indictment may not be set aside on the ground
   that there were returned therewith the minutes of testimony of a
   witness who was not called before the grand jury.

CRIMINAL LAW:  Reception of Evidence—Delayed Election Between
3  Acts.  An accused who at no stage of the proceedings asks the court
   to compel the State to elect between different transactions may not
   complain of the action of the court in not calling upon the State
   to elect until the close of all the testimony.

*Appeal from Union District Court.*—HOMER A. FULLER, Judge.

OCTOBER 17, 1924.

PROSECUTION for statutory rape upon a female under 16
years of age.  Upon a plea of not guilty, trial was had, and a
verdict of guilty returned.  Judgment was rendered thereon.—
*Affirmed.*

*Hunt & Chittenden,* for appellant.

*Ben J. Gibson,* Attorney-general, *Maxwell A. O'Brien* and
*S. S. Faville,* Assistant Attorney-generals, and *E. L. Carroll,*
County Attorney, for appellee.

EVANS, J.—The brief for appellant is voluminous, and is
replete with alleged grounds for reversal.  The indictment was
assailed by demurrer; by motion to quash; by motion to direct
                          verdict; by motion in arrest of judgment; and
1. RAPE: indict-          by motion for a new trial.  The statute upon
   ment: age of
   accused.               which the prosecution rests is assailed as being
unconstitutional.  The many specific complaints of appellant

may be summarized into a few heads, and we shall deal with them in that form.

It appears from the evidence for the State that the prosecutrix was a child 14 years of age; that the defendant sustained illicit relations with her, beginning in November, 1922, and being repeated at various times until February, 1923. The indictment charged that the prosecutrix was a female under 16 years of age. It did not state the age of the defendant; nor did the evidence disclose the age of the defendant, other than inferentially. It does appear that he was the head of a family, and maintained a home in the town. The statute upon which the prosecution rests, and which is alleged to be unconstitutional, is Chapter 192 of the Acts of the Thirty-ninth General Assembly, and is as follows:

"If any person ravish and carnally know any female [of the age of sixteen (16) years or over,] by force or against her will, or if any person [under the age of twenty-five (25) years] carnally know and abuse any female child under the age of sixteen (16) years, or if any person over the age of twenty-five (25) years carnally know and abuse any female under the age of seventeen (17) years, he shall be imprisoned in the penitentiary for life or any term of years."

So far as the verbiage of this statute is concerned, we offer it no commendation. It is bungling in its use of language, and its form is not creditable to the legislative body. Its redundancies are confusing, and have little excuse. It will be noted therefrom that the crime of rape is defined in three forms disjunctively. The first defines rape as committed by force and against the will of a female. In such case, neither the age of the female nor that of the perpetrator is material. The second part of the statute defines rape upon a female under the age of sixteen years, though it be without force or against the will of the female. In this case, the age of the perpetrator is not material.

In the third part, it defines rape upon a female under the age of seventeen years, though it be without force or against the will of the female. In a prosecution under this part of the statute, both the age of the female and the age of the perpetrator

are material. In the above copy of the statute, the brackets are ours. We have used them to indicate the redundancies of the statute. By elimination of these redundancies, the statute is clarified, and its proper construction stands forth. The case before us involves an offense committed upon a female child under the age of sixteen.

Upon the constitutionality of this statute and its classifications, we have already passed. *State v. Wrenn,* 194 Iowa 552. We will not repeat the discussion. We do not overlook an incongruity in the statute. Under the second part thereof, its prohibition extends only to a "person *under* the age of twenty-five years." Under the third part of the statute, its prohibition extends only to a "person *over* the age of twenty-five years."

In the case at bar, the injured female comes within the description contained both in the second and third parts of the statute. She was under 16 years of age, and was, therefore, necessarily under 17 years of age. If the defendant was *under* 25 years of age, he came within the prohibition of the second part of the statute; if he was *over* 25 years of age, he came within the prohibition of the third part of the statute. If, at the time of the commission of the offense, the defendant had been 25 years of age, neither over nor under, neither prohibition of the statute would reach him. Inasmuch as there could be only a fleeting moment of time when the age of the defendant could be so described, we have refused to indulge in the refinement of such hypothesis. In *State v. Wrenn,* supra, we held that the two classifications taken together (those "under twenty-five" and those "over twenty-five") were sufficient in description to include all male persons. We now adhere to such holding, commending, however, to the consideration of the legislative body the propriety of rewriting this statute.

I. The defendant moved to quash the indictment because it was found upon illegal evidence. The evidence in question was that of the witness Earl Hoar. Hoar's purported evidence was returned with the indictment, and his name was indorsed on the back of the indictment. He did not, however, appear before the grand jury which returned the indictment. He did appear

2. INDICTMENT AND INFORMATION: motion to dismiss: false return of minutes.

before a previous grand jury, which sat at the August term of court, and which returned an indictment against this defendant upon this charge. The evidence of Earl Hoar was returned with that indictment. Later, such indictment was set aside, upon order of the court, upon motion of the defendant, because of certain illegalities in the drawing of the grand jury. A new grand jury was impaneled according to law. The case was resubmitted to the new grand jury, which returned the indictment now before us. It used the minutes of the testimony of Earl Hoar which had been taken by the preceding grand jury. It did not call Earl Hoar before it in person. This is the chief ground of attack upon the indictment. It is not available to the defendant as a ground of motion to quash. The grounds of the motion to quash are all enumerated in Section 5319, Code of 1897. This ground is not one of them.

In *State v. Smith,* 74 Iowa 580, we specifically held that the insufficiency or inconsistency of the evidence before the grand jury was not a cause for setting aside the indictment. The same holding is reiterated in *State v. De Groate,* 122 Iowa 661.

III. It is urged by the defendant that the court erred in failing to require the State to elect upon which transaction it would claim a conviction, and to so elect at the close of the State's evidence. It appears from the evidence that the defendant's offense was repeated a number of times between November and February. The defendant was entitled to require an election by the State. But he made no such request, either at the close of the evidence for the State or at the close of the evidence as a whole. At the close of the evidence, the court did, upon its own motion, require the State to elect. Inasmuch as the defendant made no earlier request for an election, he is in no position to complain of the delay.

3. CRIMINAL LAW: reception of evidence: delayed election between acts.

IV. It is earnestly urged that the court should have directed a verdict for the defendant because of the insufficiency of the evidence. This is predicated largely upon the alleged contradictions and inconsistencies of the testimony of the prosecutrix. These inconsistencies comprise, in the main, more or less con-

fusion of dates. They did not furnish ground for a directed verdict. Mistakes in dates are easily made, and the credibility of the witness was clearly within the domain of the jury.

V. . Complaint is made of several instructions. This complaint is very general in the argument, and brings before us into the argument nothing specific to which objection is directed. Complaint is made that the court should have instructed the jury upon the effect of the impeachment of the prosecutrix as a witness. We have searched the record for impeaching evidence. None is pointed out in the argument. If there is any to be found in the abstract, it consists of the following statement of the witness Tripp: "I have heard comments both good and bad." We do not see sufficient substance in such evidence to justify an instruction on the subject of impeachment.

It is argued also that the instructions are inconsistent and misleading. The argument specifies the instructions so complained of, by number. In no other way does it bring before us any portion of the instruction which is alleged to be misleading or which is alleged to be inconsistent with other instructions. Complaint is made of Instruction No. 22. By this instruction, the court submitted to the jury three forms of verdict. The complaint is that it submitted no form of verdict of acquittal. The abstract discloses that one of the forms submitted was:

"We, the jury, find the defendant, Harvey Toland, not guilty.

.....................Foreman."

We must assume, therefore, that the writer of the argument overlooked this part of the record.

We find no prejudicial error. The judgment of conviction is, accordingly, affirmed.—*Affirmed.*

Arthur, C. J., and Preston and Stevens, JJ., concur.