STATE OF IOWA, Appellant, v. W. A. SEXSMITH, Appellee.

**INDICTMENT AND INFORMATION:** Demurrer—Defective Charge—

1   **Effect of Sustaining Demurrer.** The sustaining of a demurrer to an indictment on the ground that it does not substantially comply with

the requirements of the Code (insufficient charge of manslaughter) becomes an absolute bar to any further prosecution for the offense attempted to be charged, unless the court, in the language of Sec. 13797, Code of 1924, orders the cause ''resubmitted to the same or another *grand jury.*'' ''Authorizing'' the county attorney to file a trial information is not within the statute as thus written.

INDICTMENT AND INFORMATION: ' Resubmission of Charge—Non-
2  compliance with Statute. Discretionary power in a court to *order* a resubmission of a cause to a grand jury because of the defective nature of the charge does not embrace the power simply to *authorize* a resubmission.

**Headnote 1:** 16 C. J. p. 247; 31 C. J. p. 822. **Headnote 2:** 6 C. J. p. 865; 31 C. J. p. 822 (Anno.)

*Appeal from Mahaska District Court.*—H. F. WAGNER, Judge.

OCTOBER 26, 1926.

The defendant entered a plea of former acquittal to a criminal charge. Upon a trial of the issue raised by the plea, the court directed a verdict for the defendant, and the State appeals. —*Affirmed.*

*Ben J. Gibson,* Attorney-general, *R. J. Woodard,* County Attorney, and *Preston & Preston,* for appellant.

*McCoy & McCoy,* for appellee.

VERMILION, J.—The defendant was indicted for the crime of manslaughter. A demurrer to the indictment was overruled, and on a trial the defendant was convicted. The conviction was

1. INDICTMENT AND INFORMATION: demurrer: defective charge: effect of sustaining demurrer.

reversed by this court for error in overruling the demurrer. *State v. Sexsmith,* 200 Iowa 1244. Upon the remand of the case to the district court, the demurrer was sustained. The order of the court entered at that time was as follows:

''Now on this day this cause came on for hearing on demurrer of the defendant to the indictment, and the same is heard and sustained by the court, pursuant to the opinion of the Supreme Court of Iowa; defendant is thereupon discharged, and bond released. The court finds that the defects of the indictment

can be remedied by either a new indictment or the filing of a county attorney's information, and the court hereby authorizes the filing of a county attorney's information, to which the defendant excepts.''

Thereafter, the county attorney filed in the district court a county attorney's information, accusing the defendant of the crime of manslaughter, based upon the same facts as the indictment. To this information the defendant interposed a plea of a former judgment of acquittal of the offense charged. Upon this plea, a trial was had before a jury; and at the close of the evidence, the court sustained a motion for a directed verdict for the defendant; and, under the direction of the court, the jury returned a verdict that the defendant had been formerly acquitted of the offense charged in the information, by the sustaining of the demurrer to the indictment.

The controlling statutes (Code of 1924) are as follows:

''13790. The defendant may demur to the indictment when it appears upon its face, either: (1) That it does not substantially conform to the requirements of this Code, or (2) that the indictment contains matter which, if true, would constitute a legal defense or bar to the prosecution.''

''13796. If a demurrer is sustained because the indictment contains matter which is a legal defense or bar to the indictment, the judgment shall be final and the defendant must be discharged.''

''13797. If a demurrer is sustained on any other ground, the defendant must be discharged and his bail exonerated, if bail has been given, unless the court is of opinion, on good cause shown, that the objection can be remedied or avoided in another indictment, in which case the court may order the cause to be resubmitted to the same or another grand jury, and the defendant may be held in custody, if not at large on bail, in which case the undertaking given shall remain in force.''

''13809. Except where otherwise provided, the judgment for a defendant on a demurrer, or on an objection to its form or substance taken on the trial, or for variance between the indictment and the proof, shall not bar another prosecution for the same offense, if a resubmission has been ordered.''

It is the contention of the State that the demurrer to the indictment was not sustained on the ground that the indictment

contained matter which was a legal defense or bar to the prosecution, but because of a defect in the indictment that could be remedied in another indictment, and that the sustaining of the demurrer was, therefore, not a bar to another prosecution in any manner provided by statute, and without regard to whether the charge was by the court ordered resubmitted to the grand jury or not.

The defendant's contentions are: (1) That the demurrer was sustained generally, and that one ground of it was that the indictment contained matter which, if true, would constitute a legal defense or bar to the prosecution; (2) that, even though the demurrer was not sustained on that ground, the cause was not by the court ordered resubmitted to the grand jury; and (3) that there is no authority in the statute for the prosecution by county attorney's information in such a situation.

It will be observed that Section 13790 provides for two grounds of demurrer. While doubtless a demurrer to the indictment may point out with greater particularity the alleged defect complained of, it must go either to a failure of the indictment to substantially conform to the requirements of the statutes, or to the fact that the indictment contains matter which, if true, would constitute a legal defense or bar to the prosecution. The demurrer to the indictment was upon both statutory grounds, in substantially the language of the statute, and upon other grounds that pointed out particularly wherein it was alleged the indictment failed to charge the crime of manslaughter. It is not questioned that, if the demurrer was sustained because the indictment contained matter which was a legal defense or bar to the prosecution, the judgment thereon was final, and a bar to further prosecution. Section 13796 leaves no room for controversy on that point. *State v. Fields,* 106 Iowa 406.

We shall assume, for the purposes of the present opinion, that the demurrer to the indictment was not sustained on the ground that the indictment contained matter which, if true, would be a legal defense or bar to the prosecution. Under this assumption, we have the questions whether, and, if so, when, and upon what conditions, and in what manner, after a demurrer has been sustained on the ground that the indictment does not substantially conform to the requirements of the statute, the prosecution may be continued or instituted anew.

I. It is not questioned but that Section 13797 prescribes one method by which the prosecution may be continued. The appellee insists that the procedure there pointed out is the only way in which a defendant whose demurrer to an indictment has been sustained can be further prosecuted, and that such method must be strictly followed. The position of the State is that that section points out a method for continuing the prosecution after a demurrer is sustained on the ground that the indictment failed to substantially conform to statutory requirements, where it is desired to retain the defendant in custody or under bond; but that, without regard to the method there prescribed, the sustaining of a demurrer to the indictment upon such ground is not a bar to further prosecution, to be commenced in any manner authorized by law.

There would be much plausibility to the argument of the State, were it not for Section 13809, which provides, in substance, that, except where otherwise provided, a judgment for a defendant on a demurrer shall not bar another prosecution for the same offense, if a resubmission has been ordered. This section prescribes when a judgment or demurrer shall not be a bar to another prosecution for the same offense. It does not say that it shall not be a bar when the demurrer was sustained only on the ground that the indictment did not substantially conform to the requirements of the statute, but says that, "except where otherwise provided," it shall not be a bar "if a resubmission has been ordered." To say that the expression "except as otherwise provided" has reference to the provision of Section 13797, does not aid the State; for that section only provides for the continuance of the prosecution, under certain circumstances, by resubmission. To so say also ignores the obvious fact that the provisions of that section are, in effect, incorporated in Section 13809 by the concluding clause, "if a resubmission has been ordered." This was tantamount to saying that the judgment for the defendant on demurrer should not be a bar if the provisions of Section 13797 were complied with; for the latter section contains the only statutory authority for the resubmission of the charge to the grand jury after the sustaining of a demurrer to the indictment. The expression "except where otherwise provided" would seem to refer to Section 13796. In the latter section it is provided that the judgment sustaining a demurrer is a

bar under certain defined circumstances. Section 13809 pro-
vides that such a judgment, under a certain condition, is not a
bar, except where otherwise provided,—that is to say, by Section
13796. See *State v. Fields,* supra. There is some tautology of
expression, for the provisions of Section 13797 for resubmission
are applicable only when the demurrer is sustained on another
ground than that the indictment contains matter which is a legal
defense or bar, and Section 13809 provides, in effect, that the
judgment is not a bar if a resubmission under Section 13797 has
been ordered. But this does not, we think, have any tendency to
sustain the contention of the State that, after a demurrer is sus-
tained on the ground that the indictment does not substantially
conform to the statute, another prosecution can be commenced
without a compliance with Section 13797.

The legislative history of Section 13809 not only explains
the tautology, but confirms our view of the proper construction
of the statute. Section 4366 of the Code of 1873 was the same as
Section 13809, except that it did not contain the concluding
clause, "if a resubmission has been ordered." It must be con-
ceded that the position of the State could have been supported
by much more convincing argument under the Code of 1873, and
in the absence of that limitation, than it can now. · Even though
it might have been successfully maintained, under the section as
it stood in the Code of 1873, that the sustaining of a demurrer
on the ground that the indictment did not substantially conform
to statutory requirements was not a bar, and that, therefore, a
new prosecution could be commenced without a resubmission by
the court under Section 4357, Code of 1873 (corresponding to
Section 13797), we fail to see how that could still be true after
the legislature, by the addition of the words "if a resubmission
has been ordered," had said it should not be a bar if there had
been a resubmission. If it be considered that the effect of the
statute before the change was, in a case where the demurrer was
sustained because the indictment did not conform to statutory
requirements, to permit a new prosecution to be commenced
without an order of resubmission; how could the same thing be
true after the legislature, by the amendment, had declared that
the judgment on the demurrer was not a bar *if* a resubmission
had been ordered? The effect of the amendment was restrictive.
It added a condition to the right to commence a new prosecution.

It most certainly did not enlarge that right, or operate to remove the bar against another prosecution from cases where, under the former statute, it had existed.

The case of *State v. Fields*, supra, relied upon by appellee, was decided under the former statute, and throws but little light on the proposition; for in that case the demurrer to the first indictment was sustained on the ground that the indictment contained matter which, ·if true, would be a defense. That case does, however, point out that the statutory provision that the setting aside of an indictment on motion shall be no bar to a future prosecution, is not applicable to a judgment on demurrer. Cases applying that statute are not in point.

We are of the opinion that the statute must be construed as providing that, upon the sustaining of a demurrer to the indict-· ment on the ground that it does not substantially conform to the requirements of the statute, the defendant can only be further prosecuted for the same offense by a compliance with Section 13797, and that, if there is no order resubmitting the cause to. the grand jury, the judgment on the demurrer is a bar to another indictment for the same offense.

While the question is, of course, statutory, and must depend upon the wording of the enactment, the courts generally, in considering statutes similar to ours, have reached the same conclusion. *People v. Rosenthal*, 197 N. Y. 394 (90 N. E. 991) ; *People v. Bissert*, 71 App. Div. 118 (75 N. Y. Supp. 630) ; *People v. Zerillo*, 146 App. Div. 812 (131 N. Y. Supp. 500) ; *State v. Phillips*, 27 Ariz. 349 (233 Pac. 586) ; *Ex parte Hayter*, 16 Cal. App. 211 (116 Pac. 370) ; *State v. Walton* (Okla. Cr. App.), 236 Pac. 629; *State v. Crook*, 16 Utah 212 (51 Pac. 1091) ; 16 Corpus Juris 247.

II. It is very clear that there was no compliance with Section 13797 as to resubmission of the charge at the time the demurrer to the indictment was sustained. Not only was the defendant, by the terms of the order then entered by the court, "discharged," and his "bond released," but the court merely "authorized the filing of a county attorney's information."

2. INDICTMENT AND INFORMATION: resubmission of charge: non-compliance with statute.

While we do not determine whether the defendant might have been discharged and his bail released, in the sense that he was released from custody and the obligation to further appear,

and, nevertheless, the cause have been ordered resubmitted to the grand jury, it is plain that this was not done. There was, in the first place, no order of any kind. To authorize is not to order. If the effect of the authorization attempted to be given to the county attorney was to substitute his judgment and discretion for that of the court as to whether there should be a further investigation of the charge, it was in plain contravention of the statute. The statute imposes the duty and confers the power to determine whether there shall be a further or a new examination of the facts, for the purpose of determining whether a new formal charge shall be presented against the defendant, upon the court, not upon the county attorney. It is not the duty or within the power of the court to determine that such new charge shall be made, but only to resubmit the cause to the grand jury. It is for the grand jury to return a new indictment or not, as it may determine upon the resubmission of the case.

If the effect of such attempted authorization was to substitute the judgment of the county attorney for that of the grand jury upon the question of whether a new charge should be preferred, this, again, was not authorized by statute. The authority of the court, under the statute, is neither to order a county attorney's information to be filed nor to authorize that officer to file such information at his discretion or upon his judgment, but to order the cause resubmitted to the grand jury, if, in the court's opinion, the objection to the former indictment can be remedied or avoided in another indictment.

We think that the provisions of the Code relating generally to the county attorney's information do not authorize the court to delegate to the county attorney in such case either the duty of determining whether there shall be a new examination of the facts, or the power to determine if a new charge shall be presented. The one rests with the court, and the other with the grand jury, by express statutory provision; and neither can be delegated.

It has been held that an order sustaining a demurrer to an indictment "with leave to the district attorney to file a new information" is not a compliance with a statute that provides that the court may direct the case to be submitted to another grand jury, or direct a new information to be filed. *Ex parte Williams,* 116 Cal. 512 (48 Pac. 499). It has also been held that

the expression of an opinion by the court that "the defect in the information might be corrected;" is not, within the same statute, a direction to the district attorney to file an amended information. *Ex parte Hayter,* supra.

Since there was no order of the court resubmitting the cause to the grand jury on the sustaining of the demurrer to the indictment, the judgment on the demurrer was final, and a bar to a further prosecution for the same offense.

The judgment is—*Affirmed.*

De Graff, C. J., and Stevens and Faville, JJ., concur.