STATE OF IOWA, Appellee, v. D. N. HIATT, Appellant.

No. 45773.

644

JANUARY 20, 1942.

REHEARING DENIED MAY 8, 1942.

Walter F. Maley and James E. O'Brien, for appellant.

John M. Rankin, Attorney General, and Jens Grothe, Assistant Attorney General, for appellee.

STIGER, J.—In November, 1940, an information was filed in the District Court of Iowa in and for Dallas County charging defendant with the crime of operating a motor vehicle while intoxicated. The jury returned a verdict of guilty. The indictment in the instant case accused defendant of the crime of subornation of perjury charging that he procured Marion Brauer to appear as a witness in said prior case and to testify, falsely and willfully, that he was operating defendant's car at the time in question and that defendant was not operating his car at said time.

 I. The first error assigned by defendant is that the court erred in overruling his motion to quash the indictment. The motion is based on the fact that after a motion (filed pursuant to section 13781) to set aside a prior indictment against defendant accusing him of subornation of perjury was sustained, the case was not resubmitted to the grand jury and there-

fore the new indictment under which defendant was tried and convicted is void and of no legal effect.

At the November, 1940, term of the District Court of Iowa in and for Dallas County two indictments were returned against defendant, one charging him with the crime of perjury and the other charging him with the crime of subornation of perjury. Defendant filed a motion to set aside the indictments under the provisions of section 13781, 1939 Code. The motions were sustained by the following order which was duly entered in the judgment record book of the district court:

"The defendant being present in open court, the matter of the Motion to Set Aside the Indictment was taken up and submitted without argument by either the State or defendant. The Court sustains the Motion of defendant. The Indictment is set aside and the *Motion is referred back to the Grand Jury* and the defendant is held to answer under the same bond as he is now held." (Italics supplied.)

It cannot be seriously questioned that said order referred to both prior indictments.

After the jury had been sworn in this case, defendant filed a motion to quash the indictment because the order sustained the motion to set aside the prior indictments *but did not command a resubmission of the case to the grand jury* and therefore the order setting aside the indictment is now final and absolute.

When counsel for defendant in support of the motion read into the evidence said record entry setting aside the indictments the trial court, in overruling the motion, held that until the record was signed by the presiding judge there was no official record of the proceedings which were quoted in the motion to quash and that therefore there was no official record such as counsel for defendant set forth in his motion and further held that the record was very evidently a typographical error and that "the Court holds that until it is finally compared by the Clerk of this Court with the original entry of the Judge made in his Calendar from which it is copied, and approved by the signature of the Judge, that there is no official record of said proceedings. The record made by the Court in his Calendar

from which said quotation is taken uses the word 'matter' instead of the word 'motion', and shows upon its face that the record, or the alleged record, unsigned record, is evidently a typographical error upon the part of the typist in the Clerk's office. For that reason the Court holds that the Motion and Demurrer should be overruled.''

■ Section 10798, 1939 Code, reads:

"10798 Preparation and signing of record. The clerk shall from time to time make a record of all proceedings of the court, which, when correct, shall be signed by the judge.''

We have often held that this provision for signing the record by the judge is directory only and that the failure to sign does not affect the validity of the judgment. State v. Harper, 220 Iowa 515, 258 N. W. 886; Dermedy v. Jackson, 147 Iowa 620, 125 N. W. 228.

■ It may be conceded the judgment entry contains an evident mistake. Sections 10801 and 10803 provide for the correction of mistakes in the record and we have often recognized the inherent power of the court to correct its records to make them speak the truth. Yost v. Gadd, 227 Iowa 621, 288 N. W. 667. But no correction of this judicial record has been made. The order setting aside the indictments is a valid judgment entry.

■ Assuming the provision in the order "the indictment is set aside and the motion is referred back to the grand jury'' did not constitute an order directing the cause to be submitted to the grand jury under the provisions of section 13787, we are of the opinion the overruling of the motion to quash must be sustained on the ground that under the provisions of section 13788, chapter 641, the failure to properly resubmit the case after the first indictment was set aside on motion was not a bar to a future prosecution.

Sections 13781, 13786, 13787 and 13788 appear in chapter 641, 1939 Code.

Section 13781 enumerates the grounds for setting aside an indictment on motion, none of which pertain to the statutory requirements of an indictment.

Section 13786 states that if the motion to set aside the indictment is granted the court must order the defendant to be discharged.

Sections 13787 and 13788 read:

"13787 Resubmission—bail. If the court direct that the case be resubmitted, the defendant, if already in custody, must so remain unless he be admitted to bail; or, if already admitted to bail, or money had been deposited instead thereof, the bail or money is answerable for the appearance of the defendant to answer a new indictment, if a resubmission has been ordered.

"13788 Order to set aside—effect. An order to set aside the indictment, as provided in this chapter, shall be no bar to a future prosecution for the same offense."

The provisions of section 13787 pertain only to the custody of the defendant and bail if a resubmission has been ordered. There is no suggestion in this section that a valid resubmission is a condition precedent to another indictment for the same offense where a motion to set aside the indictment under section 13781 has been sustained. A motion filed under the provisions of this section does not attack the sufficiency of the indictment which is the function of a demurrer under section 13790.

Section 13788 expressly provides that the setting aside of an indictment *on motion* shall not be a bar to a future prosecution. Cases supporting this conclusion are State v. Fields, 106 Iowa 406, at page 411, 76 N. W. 802; State v. Sexsmith, 202 Iowa 537, at page 544, 210 N. W. 555; State v. Fortune, 196 Iowa 995, 195 N. W. 740; State v. Bige, 195 Iowa 1342, at page 1345, 193 N. W. 17.

Appellant relies on State v. Sexsmith, 202 Iowa 537, supra. This case construes section 13797 in connection with sections 13790 and 13809, 'all appearing in chapter 642. Section 13790 specifies the two grounds for a demurrer to an indictment. Sections 13797 and 13809 read:

"13797 Resubmission. If a demurrer is sustained on any other ground, the defendant must be discharged and his bail

exonerated, if bail has been given, unless the court is of opinion, on good cause shown, that the objection can be remedied or avoided in another indictment, in which case the court may order the cause to be resubmitted to the same or another grand jury, and the defendant may be held in custody, if not at large on bail, in which case the undertaking given shall remain in force.

"13809 Other judgments—when a bar. Except where otherwise provided, the judgment for a defendant on a demurrer, or on an objection to its form or substance taken on the trial, or for variance between the indictment and the proof, shall not bar another prosecution for the same offense, if a resubmission has been ordered."

The case holds that, in view of the provisions of section 13797, if a *demurrer* to an indictment is sustained on any other ground than because it contains matter which is a legal defense a resubmission is a condition precedent to future prosecution for the offense. The Sexsmith case clearly differentiates between a failure to resubmit a case under section 13797 after a demurrer has been sustained and a failure to order a resubmission under section 13787 after a motion to set aside an indictment, filed under the provisions of section 13781, has been sustained. After referring to the case of State v. Fields, supra, the court said with reference thereto, State v. Sexsmith, 202 Iowa 537, 543, 210 N. W. 555, 557:

"That case does, however, point out that the statutory provision [section 4344, now 13788] that the setting aside of an indictment on motion shall be no bar to a future prosecution, is not applicable to a judgment on demurrer. Cases applying that statute are not in point."

II. Another error alleged is that the court erred in refusing to sustain defendant's motion to set aside or quash the indictment because it was unlawfully and illegally obtained. This assignment is based on the following facts:

Marion Brauer, the person alleged to have been suborned, testified before the grand jury which returned the first indict-

ment. He refused to testify before the grand jury that returned the second indictment on the ground his testimony might tend to incriminate him. Defendant's complaint is that the minutes of Brauer's testimony before the grand jury were detached from the original indictment, presented to the grand jury, and attached by the jury to the present indictment and Brauer's name indorsed thereon as a witness appearing before the grand jury, although, in fact, Brauer was not a witness, the defendant contending that what was done violated sections 13729 and 13851. Section 13851 provides for notice of additional testimony and section 13729 requires the names of witnesses on whose evidence the indictment is found be indorsed thereon and presented to the court with the minutes of the evidence of such witnesses.

The State contends this procedure was justified by section 13731, the material part of which reads:

"13731 Minutes used on resubmission. When an indictment is held insufficient, and an order is made to resubmit the case to the same or another grand jury, * * * it shall be unnecessary to summon the witnesses again before such jury in such cases, but the minutes of the testimony returned with the defective indictment * * * shall be detached and returned to the grand jury; and thereupon, without more, such grand jury may find a bill and attach said minutes of the evidence thereto, and return said indictment therewith into court in the usual manner," etc.

But the quoted part of said section refers only to an indictment held insufficient on demurrer. Brauer was not a witness before the grand jury. The minutes of his testimony before the prior grand jury were not legal evidence. While an indictment should be based on legal evidence, we have frequently held that illegal evidence presented to the grand jury will not invalidate the indictment. State v. Smith, 74 Iowa 580, 38 N. W. 492; State v. De Groate, 122 Iowa 661, 98 N. W. 495; State v. Manley, 197 Iowa 46, 196 N. W. 724; State v. Toland, 198 Iowa 767, 770, 200 N. W. 229, 230.

In State v. Toland, supra, defendant moved to quash the indictment because it was found upon illegal evidence. The

facts relied upon to sustain the motion were like the facts in the instant case. In holding that the illegal evidence did not make the indictment invalid, the court said:

"In State v. Smith, 74 Iowa 580, we specifically held that the insufficiency or inconsistency of the evidence before the grand jury was not a cause for setting aside the indictment. The same holding is reiterated in State v. De Groate, 122 Iowa 661."

Defendant cites State v. Houston, 50 Iowa 512, 513. In this case the wife of defendant testified against him before the grand jury which indicted him. The court said that "possibly, the indictment might be quashed on that ground" but held it was too late to raise the objection by motion to quash after conviction.

III. Defendant complains the court erroneously overruled his demurrer to the indictment. It contained many objections to the sufficiency of the indictment, only one of which, that pertaining to the oath of Marion Brauer, has sufficient merit to warrant consideration. With reference to the oath the indictment states:

"* * * and that at the time of giving said testimony said witness had been duly sworn in due form of law and that the Court had jurisdiction of the case; and that said Marion Brauer so sworn testified willfully, corruptly and falsely," etc.

The demurrer to the indictment alleges:

"1. It fails to allege, except for inference, who administered the oath or by what authority the oath was administered.

"2. The indictment fails to set forth the oath which it is claimed the defendant falsely swore to.

"3. It fails to charge that the oath in question was one authorized, prescribed or required by law.

"4. It fails to allege, except by way of inference or recital, that the defendant was sworn according to law or by oath lawfully administered.

"5. It fails to charge that the defendant took, accepted or became bound by any oath."

Section 4312, Code of 1873, and section 5296, Code of 1897, read:

"Indictment for perjury. In an indictment for perjury or subornation of perjury, it is sufficient to set forth the substance of the controversy or matter in respect to which the offense was committed, and in what court or before whom the oath alleged to be false was taken, and that the court or person before whom it was taken had authority to administer the same, with proper allegations of the falsity of the matter on which the perjury is assigned; but the indictment need not set forth the pleadings, record or proceedings with which the oath is connected, nor the commission or the authority of the court or person before whom the perjury was committed."

These statutes were amended and the statute in force at the time in question was section 13732.26 which reads:

"13732.26 Perjury. An indictment for perjury, or for subornation of, solicitation of, or conspiracy to commit, perjury need not set forth any part of the records or proceedings with which the oath was connected, or the commission or authority of the court or other official before whom the perjury was committed or was to have been committed, or the form of the oath or affirmation, or the manner of administering the same."

The latter section provides that it is unnecessary to set forth the form of the oath or the manner it was administered. None of the statutes expressly provide the indictment must name the official who administered the oath.

Section 13165 states "If any person, on oath or affirmation lawfully administered, willfully and corruptly swear or affirm falsely to any material matter" etc., he is guilty of perjury. The indictment, as to the oath, substantially followed the language of the statute.

In State v. O'Hagan, 38 Iowa 504, the indictment charged that " 'the defendant was then and there duly sworn before the court, and took his oath before said court, the said court then having full and competent authority to administer an oath to him in that behalf.' " The court said:

"It is, now and here, objected that the indictment does not allege that the oath which the defendant violated was administered by any one. But this objection could not avail, even on demurrer. For it is well recognized by the authorities that it is sufficient to charge that the defendant was 'duly sworn.' Dodge v. The State, 4 Zabriskie, (N. J.) 455; The State v. Farron, 10 Rich. Law, (S. C.) 165; or that 'he was sworn and examined as a witness.' The State v. Norris, 9 N. H., 96; 3 Greenl. on Ev. §192;" etc.

And see State v. Harter, 131 Iowa 199, 108 N. W. 232, 9 Ann. Cas. 764. We hold the allegation in the indictment that the witness "had been duly sworn in due form of law and that the court had jurisdiction of the case" is sufficient.

IV. Another proposition presented by defendant is that the court erred in overruling his motion for a directed verdict. His main contention is that the testimony of Brauer is not corroborated on the question of its falsity or as to its procurement by defendant. This claim cannot be allowed. A witness for the State testified to a conversation with the defendant. "I said 'How fast were you going, Dolan?' (defendant) He said, 'Well, I was coming down the hill, got up to the top of the hill up here going between fifty and sixty miles an hour, kicked the clutch out of gear and was coasting down hill, and when I got down there was a car without any lights and I hit it.' I said to him, 'Don't you know you are not allowed to do that, or not supposed to kick the clutch out of gear?' He said, 'Yes, but what are you going to do about it?' "

There was also circumstantial evidence tending to support the testimony of Brauer.

In State v. Young, 153 Iowa 4, 7, 132 N. W. 813, 814, Ann. Cas. 1913E, 70, a perjury case, we said:

"It was not essential that there be two witnesses to the falsity of defendant's testimony; it being sufficient that the one witness be strongly corroborated."

Conceding Brauer's testimony that defendant procured him to testify falsely in the prior case was not corroborated, the

weight of authority and the better rule is that procurement may be established by the uncorroborated evidence of the suborned witness. 48 C. J. 917, section 206 and cases cited.

V. Defendant alleges misconduct on the part of the county attorney in propounding leading and suggestive questions to the State's witness Brauer. We have reviewed the record pertaining to the examination of Brauer and find no suggestion of bad faith on the part of the county attorney in his examination of this witness. The court sustained objections of defendant to questions which we would not consider as suggestive or leading. The court could have overruled all of the objections without committing reversible error.

Permission to ask leading questions rests in the sound legal discretion of the court, and, as stated in Withey v. Fowler Co., 164 Iowa 377, 382, 145 N. W. 923, 925, "To justify a reversal on such grounds requires a clear showing of abuse of discretion and apparent material prejudice to the rights of the objecting party." There is an absence of such a showing in the present case.

VI. We have given consideration to defendant's objections to instructions and other assignments of error. We find no reversible error in these assignments and it is unnecessary for us to consider them in detail. With reference to the instructions, we are satisfied that they completely and accurately presented the law of the case to the jury. The case is affirmed.—Affirmed.

BLISS, C. J., and HALE, MILLER, WENNERSTRUM, GARFIELD, and OLIVER, JJ., concur.