STATE OF IOWA, Appellee, v. ARNOLD MAYER, Appellant.

**RAPE: Corroboration—Sufficiency.** Corroboration sufficient to sustain a verdict of guilty of assault to rape is found in testimony tending strongly to show that the accused was actually observed by witnesses other than prosecutrix in the attempt forcibly to have sexual intercourse with prosecutrix.

**JURY: Competency—Nondisqualifying Opinion.** A juror is not disqualified by an opinion as to guilt or innocence, formed on newspaper or hearsay sources, when the juror can and will lay aside such opinion and decide the cause solely on the evidence submitted on the trial.

**RAPE: Evidence—Identification of Accused.** A prosecutrix in a charge of rape who had not known the accused prior to the commission of the offense may very properly be permitted to testify that, after the accused was arrested, she identified him at the police station.

**EVIDENCE: Opinion Evidence—Allowable Conclusion.** A witness on the trial of a charge of rape may very properly testify that the accused pushed prosecutrix under the fence, and that "they scrapped" and "fought back and forth," and that she "tried to get away." Such testimony is not only an allowable conclusion, but is also descriptive in character.

**EVIDENCE: Opinion Evidence—Recital of Fact.** A physician may properly testify as to the physical condition of a prosecutrix in a charge of rape; that the hymen was ruptured; and that only a strain of some kind would have brought about such rupture.

**CRIMINAL LAW: Instructions—Prejudicial Recital of Punishment.** Prejudicial error results from a recital in the instructions of the punishment for rape (imprisonment for five years or for life, with opportunity for parole under minimum sentence [Sec. 12966, Code of 1927]), and *failure to recite* the punishment for assault with intent to rape (imprisonment for indeterminate term not exceeding 20 years, with opportunity for parole [Sec. 12968, Code of 1924]), the defendant being convicted of the latter offense.

Headnote 1:   33 Cyc. p. 1498.   Headnote 2:   35 C. J. pp. 343, 344.

Headnote 3:  33 Cyc. p. 1477 (Anno.)  Headnote 4:  16 C. J. p. 749.
Headnote 5:  33 Cyc. p. 1475.  Headnote 6:  17 C. J. p. 345.

Headnote 1:  22 R. C. L. 1225.  Headnote 2:  16 R. C. L. 265.  Headnote 3:  22 R. C. L. 1200.

*Appeal from Marshall District Court.*—B. F. CUMMINGS, Judge.

## JULY 1, 1927.

The defendant was convicted of the crime of assault with intent to commit rape.—*Reversed.*

*F. E. Northup* and *A. B. Hoover,* for appellant.

*John Fletcher,* Attorney-general, *Herbert A. Huff,* Assistant Attorney-general, and *Roy L. Pell,* County Attorney, for appellee.

PER CURIAM.—I. The indictment charged the commission of the offense on the second day of August, 1925. Myrtle Munro, the prosecutrix, was at that time 13 years of age. The evidence on behalf of the State tended to show that the offense was committed near a roadside in the weeds or the cornfield. The prosecutrix testified that the defendant had sexual intercourse with her two or three times, and that the acts were accomplished by force and against her will. The sufficiency of the evidence, except as to statutory corroboration, is not challenged, and we shall, therefore, omit any statement of the evidence in detail.

1. RAPE: corroboration: sufficiency.

At the conclusion of the evidence for the State, the defendant moved for a directed verdict, upon the ground, among others, that the State had failed to offer any evidence in corroboration of the testimony of the prosecutrix tending in any way to point out and designate the defendant as the guilty party. An examination by a physician of prosecutrix on the third of August disclosed a ruptured hymen, and that the rupture was of recent origin. He found no bruises upon her body, or other indication of the use of violence. The testimony is undisputed, however, that her dress was torn and badly soiled, and that she stopped at a farmhouse, on her way back to Mar-

shalltown, where she lived, and had some of the torn places repaired.

The prosecutrix, defendant, and another couple left Marshalltown about 3 o'clock P. M., in a Ford coupé, and, after driving some distance into the country, turned into a highway little frequented by travel, and stopped. Prosecutrix and the defendant got out of the car, and sat or lay by the roadside. Her female companion testified that the defendant got on top of her in the highway, and attempted to have sexual intercourse with her. Other witnesses gave testimony tending to corroborate the claim of prosecutrix that the defendant compelled her by force to submit to his desires. Without stating the evidence in detail, we conclude that the testimony of the prosecutrix is abundantly corroborated, and clearly points out the defendant as the guilty party. To what extent the repeated acts were accomplished by force is not very definitely shown by the evidence. There is, as stated, the absence of bruises upon the body of the prosecutrix, but there is abundant testimony tending to show that he attempted, in the presence or within sight of others, to have sexual relations with the prosecutrix. Many of the matters relied upon for reversal relate to the alleged improper admission of evidence.

Complaint is also made of the refusal of the court to sustain a challenge to a juror for cause, and of several paragraphs of the charge to the jury.

Charles A. Berg stated, upon his examination by the county attorney, that he had heard something about the case; that he had not formed an opinion as to the guilt or innocence of the defendant; and that he felt that he could try the case fairly and impartially, and without reference to anything he had read or heard about it. On examination by counsel for the defendant, he stated that he had such opinion as he formed at the time of hearing an account of the case in a newspaper, but that he could try the case fairly, and render a decision in accordance with the evidence. The court also examined the juror as to his qualifications. The challenge was overruled, and we think properly so. The juror was not disqualified because of having previously heard or read an account in a newspaper as to the

<span style="margin">2. JURY: competency: nondisqualifying opinion.</span>

case.  He had neither formed nor expressed an unqualified opinion as to the guilt or innocence of the defendant.

II. The prosecutrix did not know the defendant, prior to August 2d. He gave her a fictitious name. She was permitted to testify, over the objections of the defendant, that she saw and identified him at the police station the next morning. The testimony was clearly admissible, and the objection was, therefore, properly overruled.

3. RAPE: evidence: identification of accused.

III. A witness by the name of Leach was permitted to testify that he saw the defendant and prosecutrix in a Ford car, and had some conversation with him, a short time after it is claimed the offense was committed. The witness testified that the defendant drove into the driveway in front of his house, and turned around; that the girl was trying to get out of the car; that she had both feet and one arm out; that the man was holding her around the neck. The defendant drove away, followed by the witness, who had some conversation with him, and also with the prosecutrix. He asked her if she was in trouble and wanted help, and she replied, "I would like to get to Marshalltown." The objection to the testimony of this witness was that it was too remote, and not a part of the *res gestae*. It is probable that the court permitted the witness to go too far into detail as to what occurred between himself, the defendant, and another person who was present part of the time; but the fact that the defendant and prosecutrix were together, and that she was trying to escape from the automobile, and was being restrained by him, was clearly competent. They were returning from the scene of the crime to Marshalltown, and not more than one hour had elapsed after the offense was committed. This testimony tended to show the attitude of the defendant toward the prosecutrix, her attitude toward him, and that there was some source of controversy between them. The occurrence was not so remote in point of time as to render the testimony incompetent.

IV. Another witness was permitted to state, in answer to a question, that:

"He pushed her under the fence, and they scrapped and fought back and forth. She tried to get away."

The defendant moved to strike the latter part of the an-

swer, upon the ground that it was the mere conclusion of the witness. It is a conclusion, but one entirely proper for the witness to state. It was, however, something more than a conclusion. It was descriptive in character. It would have been easy for the defendant to develop upon cross-examination exactly what the witness saw.

4. EVIDENCE: opinion evidence: allowable conclusion.

V. Complaint is also made of the admission of certain testimony by the medical witnesses. These witnesses were permitted to describe the condition of the prosecutrix at the time she was examined by them. One of the physicians, who testified that the hymen was ruptured, was asked to state what the condition indicated to him. The answer was that it could only result from some stretch of some kind. Whether the form of the question was calculated to elicit the answer given is not very material. The answer is competent. It was a matter concerning which a medical witness, familiar with the nature of the female organs, could well testify. The membrane is described as delicate and easily ruptured. The error, if any, might easily have been cured by a further examination of the witness. The conclusion stated is, therefore, not such as to require a reversal.

5. EVIDENCE: opinion evidence: recital of fact.

The remaining exceptions to the rulings of the court on the admission of testimony are so clearly without merit as to require no particular discussion. Complaint is made of the conduct of the court during the examination by defendant's counsel of a witness. The complaint is wholly without merit.

Other points urged, and based on Section 12966, Code of 1924, including its alleged unconstitutionality, are answered by *State v. Toland*, 198 Iowa 767. Besides, the defendant was convicted only of assault with intent to commit rape.

VI. The court submitted, as included offenses, "assault with intent to commit rape," "assault and battery," and "simple assault." In the fifth paragraph of the court's charge, the punishment for a conviction of the crime of rape was stated to the jury. The penalty for the included offenses was not stated to the jury. The defendant was convicted of assault with intent to commit rape. The penalty for rape may be imprisonment in the penitentiary for life, or any term of years not

6. CRIMINAL LAW: instructions: prejudicial recital of punishment.

less than five; but the minimum punishment for assault with intent to commit rape is an indeterminate term of 20 years. The giving of this instruction was error, and, under our holding in *State v. Tennant*, 204 Iowa 130, requires a reversal. As pointed out in that opinion, instructions stating the statutory penalty for the crime charged have been criticized, but, up to this time, we have declined to reverse a conviction on that ground. The prejudice to the defendant, under the circumstances disclosed, is apparent, and a reversal must follow.

Complaint is made of others of the court's instructions. In view of a reversal upon the ground just stated, we refrain from further discussion of the exceptions to other instructions. Suffice it to say that they are all, in our opinion, without substantial merit. We have gone over the record with care, and reach the conclusion that, except for the error in Instruction No. 5, the record presents no ground for reversal.—*Reversed.*

EVANS, C. J., and FAVILLE, VERMILION, and ALBERT, JJ., concur.

DE GRAFF, MORLING, and KINDIG, JJ., dissent.